[Askew v. Hale County.]

# Askew *v.* Hale County.

*Action to recover Damages of County for not keeping Bridge in Repair, &c.*

| 54 | 639 |
| 123 | 438 |
| 124 | 495 |
| 54 | 639 |
| 137 | 164 |
| 54 | 639 |
| 138 | 483 |
| 54 | 639 |
| 143 | 586 |

1.  *County; corporate character of.*—While a county has corporate characteristics, it is in no proper sense a municipal corporation, but a mere governmental auxiliary or agency, possessing no power and subjected to no duty, not originating from the statute creating it.

2.  *County; for what not liable.*—The county authorities exercise with reference to public highways, a *quasi* legislative authority, and the county, in the absence of a statute expressly declaring the liability, can not be made answerable for damages resulting from the unskillful or negligent manner in which these duties are performed.

3.  *Same.*—The statutes defining hard labor for the county, giving the county authorities control of it, and leaving it within their discretion to employ convicts on public roads, bridges, &c., or to hire them out, work no change in the character of the power, and impose no new liability.

4.  *New county; liability of, for debts and burdens of counties from which its territory is taken.*—When a new county is carved out of the territory of those adjoining, it is for the legislature to determine to what extent the property or inhabitants of the detached portions, shall bear the burdens of the counties to which they formerly belonged; and in the absence of such legislative provision, the new county will be entirely freed from any of the burdens of the counties from which its territory was taken.

5.  *Same.*—Provision that the detached portions, shall be liable for its *pro rata* share of the *debts* of the county from which it was taken, does not subject it to a proportionate liability for contingent liabilities, arising out of a breach of duty.

APPEAL from the Circuit Court of Hale.

The record does not give the name of the presiding judge. The suit was commenced by appellant against the appellee, to recover damages for the loss of a horse, the injury to another and a buggy, caused by the unskillful and negligent manner in which the superintendent of hard labor for the county, had repaired a bridge, part of a public highway, which the plaintiff was crossing, when the loss and injury was sustained.

The complaint contains three counts—the first of which avers, the commissioner's court of the county, as they were by law authorized, organized a system of hard labor, under a superintendent duly qualified as such, for the purpose of working the convicts, sentenced to hard labor for the county, upon the public roads and bridges of the county. That under the superintendent the convicts were employed in keeping in repair the free public bridges in the county, and among others the bridge plaintiff was crossing, when the in-

juries occurred, for which he seeks to recover damages. That the repairs on this bridge were so badly done, and the bridge permitted to remain in such bad repair, and in such unsafe condition, that while he was crossing, the bridge *careened*, and thereby his horses and buggy were thrown from it, killing one horse, and injuring another and his buggy.

The second count avers that in 1866, the county of Marengo had the bridge built by contract, without requiring from the contractor any guaranty or bond, for keeping the bridge in repair, or for keeping the same in a safe condition for the passage of the public. Afterwards, on 30th January, 1867, by act of the general assembly, the county of Hale was organized and created a corporation, embracing that part of the territory of Marengo in which the said bridge was situated. Thereby, the said county of Hale became bound to keep said bridge in repair, and in a safe condition for the free passage of the public. That the county undertook to keep the same in repair, but performed its duty so negligently and unskillfully, that the bridge was unsafe, dangerous, and defective, and then avers the loss and injury sustained by the plaintiff by the giving way of said bridge while he was crossing.

The third count avers the loss and injury was sustained while plaintiff was crossing the bridge, because of its unsafe condition and defects, and avers the county was bound to keep it in a safe condition for the free passage of the public. The presentment of plaintiff's claim for damages to the commissioners court within twelve months from the time it accrued, and its rejection are averred in each count. A demurrer to each count of the complaint, was sustained, and the plaintiff declining to amend, judgment was rendered against him, from which he appeals, and assigns as error, the sustaining of the demurrers.

W. & W. J. WEBB, for appellant.

W. B. YOUNG, *contra*.

BRICKELL, C. J.—The argument in support of the first and third counts, is the same substantially, and may be thus stated: counties are municipal corporations, charged with the ministerial duty of keeping in repair the public roads and bridges, so that they shall be safe and commodious ways, for the passage of the public. The law imposing the duty, for misfeasance or nonfeasance in its performance, from which injury ensues to an individual, an action will lie. In support of the argument reference is made to many of the

numerous authorities, which hold municipal corporations en-joined to keep streets, and bridges parts of the streets, in re-pair, and supplied with the means of performing the duty, are liable for injuries resulting from the non-performance, or the unskillful and negligent manner of performance. A radi-cal error, fatal to the argument, is in treating the county as a municipal corporation. It has corporate characteristics, but it is not a municipal corporation, though often so termed. It is an involuntary political or civil division of the State, created by statute to aid in the administration of govern-ment. It is in its very nature, character and purposes, pub-lic, and a governmental agency, or auxiliary, rather than a corporation. Whatever of power it possesses, or whatever of duty it is required to perform, originates in the statute creating it. It is created mainly, for the interest, advantage, and convenience of the people residing within its territorial boundaries, and the better to enable the government to ex-tend to them the protection to which they are entitled, and the more beneficially to exercise over them its powers. All the powers with which the county is entrusted, are the powers of the State, and all the duties with which they are charged, are the duties of the State. If these were not com-mitted to the county, they must be conferred on some other governmental agency. The character of these powers, so far as counties in this State are concerned, are all for the pur-poses of civil and political organization. The levy and col-lection of taxes, the care of the poor, the supervision and con-trol of roads, bridges and ferries, the compensation of jurors, attending the State courts, and the supervision of convicts sentenced to hard labor, as a punishment, for many viola-tions of the criminal law, it is the general policy of the State to entrust to the several counties, and are all but parts of the power and duty of the State. These powers could be with-drawn by the State, in the exercise of its sovereign will, and other instrumentalities or agencies established, and clothed with them.—*Loper v. Henry County*, 26 Iowa, 267; *Hamilton County v. Mighels*, 7 Ohio, St. 109; *Eastman v. Meredith*, 36 N. H. 284; 1 Dillon Munic. Corp. § 10-39. In reference to public highways, it has several times been said by this court, the commissioner's court, acting for and exercising all the power of the county, exercises a *quasi* legislative authority, not to be guided by evidence produced according to legal rule, but controlled rather by its knowledge of the geography of the country, the wants, wishes and ability of the people. *Hill v. Bridges*, 6 Port. 137; *Moore v. Hancock*, 11 Ala. 245; *Comm'rs Court Lowndes v. Bowie*, 34 Ala. 461; *Parnell v. Comm'rs Court Dallas*, *ib*. 278. Private individuals are al-

lowed to intervene, and subject its actio ɪ to judicial revision, only when in the change of an existing road, or the location of a new one, theɪe is an injury to, or interference with private property, entitling them to protection under the constitutional guaranty, that private property shall not, without just compensation, be taken for public use.—*Parnell v. Comm'rs Court of Dallas, supra; Creswell v. Comm'rs Court of Greene*, 24 Ala. 282.

The statutes defining hard labor for the county, placing it under the superintendence of the court of county commissioners, leaving it to the discretion of the court, to employ the convicts on the public roads, or public bridges, or other public works in the county, or to let them to hire, produces no change in the character of the power of the county, and of consequence imposes no new liability. The authorities are uniform, that a county is not liable to an individual for an injury sustained, because of its failure to exercise a governmental power with which it is clothed, or because it is not exercised in the manner most conducive to the safety of the public; or because of the negligence or unskillfulness of its officers or agents, in the absence of a statute expressly declaring the liability. A difference between counties and municipal corporations, in this respect, is firmly established, though there is some diversity of opinion as to the reasoning on which it depends. The various authorities are collected in 2 Dillon Mun. Cor. §§ 761, 762, 785. The distinction is recognized in our own decisions.—*Barbour County v. Brunson*, 36 Ala. 362; *Barbour County v. Horn*, 41 Ala. 114; *Covington County v. Kinney*, 45 Ala. 176.

It is true the statute declares, "every county which has been or may be established in this State, is a body corporate, and with power to sue and be sued in any court of record."— R. C. § 897. Counties are necessarily invested with some corporate functions, and as to these, each county is without statutory declaration, a *quasi* corporation. There are many definitions of a corporation, more or less expressive; the essence of all is, that it is a legal or artificial person, with prescribed powers, having a capacity of succession, or of duration, without regard to the changes in its membership. The capacity of suit is one of the essential and ordinary incidents to a corporation. Conferring the capacity expressly in the act of incorporation, is declaratory only of that which the law would have implied. The statute can not, therefore, be construed as changing the character of a county, or enlarging its liability to suit. It is a *quasi* corporation, in the exercise of its corporate powers—and a governmental auxiliary, in the exercise of the governmental powers entrusted

to it. The capacity of suit to which the statute refers, is, in the instances, and to the extent, in which the law authorizes it to sue and be sued.—*Freeholders of Sussex v. Stracden*, 3 Harr. (N. J.) 108; *Cooley v. Freeholders of Sussex*, 3 Dutch. (N. J.) 415.

We have no statute imposing a liability on counties, because of injuries sustained from defects in a highway; nor because of injuries resulting from permitting a bridge to remain out of repair, except in case of a public bridge built by contract, and a failure of the commissioners court to take from the contractor a bond or guaranty; or the expiration of the term of guaranty, before the occurrence of the injury.— R. C. § 1396. If it is conceded the second count presents a case under which there could be a recovery because of the failure to take from the contractor building the bridge a guaranty, the failure was not of the appellee, but of Marengo county. Though the territory in which the bridge is located now forms part of the territory of Hale county, the latter county does not succeed to the liabilities of Marengo, except so far as the general assembly may have expressly imposed them. Though a part of its territory was detached from it, to compose the new county, Marengo remained a county, with all its rights, powers and privileges, and subject to all its obligations and duties, unless otherwise provided by statute.—*Hampshire v. Franklin*, 16 Mass. 87; *North Yarmouth v. Cumberland*, 6 Green. 28. Of its property, Hale county can claim no part, because the citizens resident in the territory detached from it may have contributed to its accumulation; nor can Hale county be subjected to any of the liabilities which may have attached to Marengo in the exercise of its powers and duties over this territory while under its jurisdiction.— *Windham v. Portland*, 4 Mass. 389. When a new county is organized there may be circumstances rendering it just that the inhabitants residing in its territory should not be absolved from the liabilities resting on them in their former relations, nor ·lose entirely rights and privileges they formerly enjoyed. Such considerations are for the general assembly, which alone has authority to determine how far these shall be preserved. In the absence of legislative provision, the new county is a separate, distinct political division of the State, not chargeable because of the former relations of its inhabitants. The territory composing the county of Hale was detached from the counties of Marengo, Perry, Tuskaloosa and Greene. The only provision in the statute organizing it, in reference to its liabilities because of the territory detached, is that the property taken from these several counties respectively, shall be subject to

[Wilder & Co. v. Abernethy.]

taxation "for the *pro rata* proportion of any debts" due by the several counties.—Pamph. Acts, 1866–7, p. 477. This subjects it to a proportionate liability for debts, not for contingent liabilities arising out of a breach of duty.

The demurrer to each count was well taken and properly sustained. The judgment is affirmed.