# Greene County *v.* Eubanks.

*Action against County to recover Damages for Injuries to Person and Property Caused by Defective Bridge.*

1. *Power of Court of County Commissioners over public highways.*—In respect to the public highways, the Court of County commissioners exercises a *quasi* legislative authority; and, in the absence of statutory provisions, the county is not responsible for the manner in which that authority is exercised.

*Liability of county for injuries caused by defective bridge.*—Under statutory provisions (Code § 1692), where a bridge or causeway has been erected by contract with the Court of County Commissioners the county may protect itself against liability for injuries resulting from a defect in such bridge, by requiring of the contractor a guaranty that it shall continue safe for the passage of the public for a stipulated time; but when no guaranty has been taken, or the stipulated period has expired, the effect and operation of the statute are to devolve on the county the legal duty to keep such bridge in repair while it remains part of an established public highway.

3. *Some; duty of county with respect to necessary repairs.*—The liability of the county having attached by the non-requirement of a guaranty, or by the expiration of the stipulated period, can not be divested by imposing upon the overseer of the public road the duty to keep such bridge in proper repair.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. S. H. SPROTT.

This was an action to recover of appellant county damages for the loss of a mare, and personal injuries to appellee, caused by the defective condition of a bridge, part of a public highway, over which plaintiff was passing when the loss and injuries were sustained.

The complaint contained a single count which averred the erection of the bridge by contract with the County Commissioners of said county of Greene and charged that appellant "failed to take any bond or other guaranty from the person erecting said bridge that the same should continue safe for the passage of travellers and other persons for a stipulated

[Greene County v. Eubanks.]

time; or, if such guaranty was taken, the period thereof expired before the injuries occurred:" whereby the said county of Greene became bound to keep said bridge in repair and in a safe condition for the passage of the public. The complaint further avers that the loss and injuries, the foundation of the suit, occurred by reason of the negligence of the defendant in failing to keep the bridge in such proper condition and repair; that the supports of said bridge had become so weakened and decayed by lapse of time and the want of said proper and necessary repairs, that the structure yielded and broke down under the weight of the mare and appellee, and caused the damages to person and property complained of. The presentation of plaintiff's claim for damages within the statutory limit of twelve months after the same accrued, to the Court of County Commissioners, and its rejection and disallowance by that body, are duly averred.

A demurrer interposed to the complaint was overruled by the court; and issue was joined upon the plea of the general issue, and a special plea setting up the contributory negligence of the appellee.

Upon the trial it was shown by transcripts of the orders and proceedings of the Court of County Commissioners, and other evidence adduced by the plaintiff, that the bridge in question was constructed in 1866 by contract with said county of Greene. The evidence also tended to show that a guaranty by bond had been taken from the contractor who erected the bridge; but the testimony as to this point was uncertain and conflicting. The plaintiff, in his own behalf, testified to the loss of the mare, her value, and the personal injuries sustained by himself.

The appellant endeavored to show that the liability of the county had terminated before the cause of action arose; but this ground of defence is sufficiently elaborated in the opinion of the court. There was also, as recited in the bill of exceptions, "Evidence tending to show plaintiff was guilty of negligence directly contributing to said injury, and there was evidence tending to show he was not guilty of such contributory negligence."

The court charged the jury that, if they believed the bridge was built in 1866 and a guaranty taken from the contractor that it should continue safe for the passage of travellers and other persons for a period of five years, and that this period had expired before the alleged injuries to plaintiff and his property; or, if the bridge was so built, and no guaranty was taken, and the same was repaired in 1874 by contract with the Court of County Commissioners and no bond required, then, in either case, if plaintiff's injuries to himself and property

[Greene County v. Eubanks.]

resulted from a defect in said bridge, he was entitled to recover unless his own negligence directly contributed to his said injuries.

To this charge of the court appellant duly excepted, and here assigns the same, together with the overruling of his demurrer, as error.

THOS. W. COLEMAN, and TROY, TOMPKINS & LONDON, for appellant.

CLOPTON, J.—It may be regarded as settled by our decisions, that counties are auxiliary political or governmental agencies. The court of county commissioners exercises a *quasi* legislative authority in respect to the public highways; and the county, independent and exclusive of statutory liability, is not responsible for the manner in which the authority may be exercised.—*Barbour County v. Brinson*, 36 Ala. 362; *Askew v. Hale County*, 54 Ala. 639. The county commissioners may contract for the erection of a bridge, with a guaranty by bond, or otherwise, that it shall continue safe for the passage of travelers, and other persons, for a stipulated time. In such case, any person injured, in person or property, by a defect in such bridge, before the expiration of such period, may sue in his own name, on the bond, or other guaranty, and recover damages for the injury. No liability is imposed on the county for an injury occurring during the stipulated time, when the statutory guaranty has been taken; but if it has not been taken, or the period has expired, a person, sustaining injury because of a defect in the bridge, may sue and recover damages of the county.—Code, § 1692. The effect and operation of the statute are to devolve on the county the legal duty to keep such bridge in a safe condition, either when no guaranty has been taken or after the stipulated time has expired. The liability of the county in such case is not controverted; but it is insisted, that there is evidence tending to show, that the liability had terminated before the occurrence of the injury sued for, which evidence was withdrawn from the consideration of the jury by the charge of the court.

The bridge in question was erected by contract in 1866, the contractor agreeing to keep it in repair during a period of five years. The evidence is conflicting as to a guaranty having been taken. The injury complained of occurred in 1883, being after the expiration of the stipulated period. In 1874, the bridge being very much decayed, and unfit for use, was repaired by contract with the county commissioners, some of the old timbers being used in repairing; and in 1880 and 1883, other small appropriations were made for work done on the bridge.

[Greene County v. Eubanks.]

The liability of a county for damage, caused by a defect in a bridge erected by contract, commences on a failure to take a guaranty, or if taken, at the expiration of the time; and the lengths of time such liability shall continue is not fixed or limited by the statute. The statute contemplates, that a necessity might arise for erecting bridges by contract, over streams, crossed by a public road, which would be requisite to its convenient and safe use, and which could not be erected by the overseer of the road, with the labor and means furnished him by the statutes. Such bridge constitutes a part of the public highway. A public road, once legally established, continues as such, until discontinued by the court of county commissioners in the manner provided by statute. While no liability is imposed on the county for a failure to keep other parts of the public road in proper condition, when a bridge is erected by contract, as a part of such road, it is the intention and policy of the statute, on account of the increased danger, to afford redress, for injuries caused by defects in such bridge, either against the contractor or the county; and the liability of the county, having once arisen, is co-existent with the reason and policy of such protection. It continues so long as such bridge is connected with, and constitutes a part of an established public road.

When a bridge becomes decayed and unfit for use, the county commissioners may, by contract, erect a new bridge, and by a guaranty, secure the county against liability for a time; or they may undertake to repair the existing decayed bridge. In repairing, they may adopt such mode as may be deemed advisable—by contract or otherwise; but whatever mode be adopted, the county is responsible for the manner in which the duty is performed. Neither the order of the court in 1874, nor any order previously or subsequently made, contemplates or purports to authorize a contract for the erection of another bridge; but only for repairing the one previously erected. Neither can the county be discharged from liability by devolving the duty to repair on the overseer or the road. All the orders and proceedings of the court of county commissioners, respecting the bridge, recognize and treat it as the same bridge, originally erected by contract; and after such orders and proceedings, and such successive repairs, the county will not be permitted to avoid liability, by saying, that in repairing, a new bridge was virtually erected.

There is no error in the rulings or charge of the court.
Affirmed.