(85 South. 774)

**KIMMONS v. JEFFERSON COUNTY BOARD OF EDUCATION et al.**
**(6 Div. 73.)**

(Supreme Court of Alabama. June 25, 1920.)

I. Statutes ⬤‑‑122(1)—School Code not unconstitutional on account of title.

The School Code (Acts 1919, p. 567), held not void as in contravention of Const. 1901, § 45, having expressed in its title one clear comprehensive subject, to provide a complete educational system for the state, followed by a complete index as to each minor subject contained in the body of the act, all related to the general subject.

2. Statutes ⬤‑‑96(I)—School Code not local act because unnecessary in certain localities.

The School Code (Acts 1919, p. 567), is not local because at the time of its passage there were in the state certain localities without need for its operation.

3. Schools and school districts ⬤‑‑46—Legislature could constitute county board of education agency of state.

It was entirely within the legislative power, by the School Code (Acts 1919, p. 567), to constitute a county board of education a quasi corporation and an independent agency of the state for the purposes enumerated in the Code.

4. Schools and school districts ⬤‑‑95(3)—Warrants of county board of education not negotiable instruments.

Warrants issued by a county board of education under authority of the School Code

---

(Acts 1919, p. 567), containing no promise to pay, but merely an acknowledgment of indebtedness of the board and an order on the county treasurer of public school funds, *held* not negotiable instruments.

**5. Schools and school districts ⊜95(2)— County board of education may pledge tax levy by issue and sale of warrants.**

Special school fund collected under three-mill tax, being under control of county board of education as provided in the School Code (Acts 1919, p. 567), the board is empowered to pledge the tax levy by 6 per cent. warrants constituting an acknowledgment of indebtedness and an order on the county treasurer of public school funds to procure cash to erect a school building for a particular district, the board being also authorized to place the warrants on the market for conversion into cash, the warrants not being bonds sought to be issued by any political subdivision of the state or county, so that Const. 1901, § 104, prohibiting local laws, section 222, relative to authorization of bond issue by a majority vote of the county, and section 224, imposing a debt limit for municipal corporations, have no application to the case.

**6. Schools and school districts ⊜95(2)— County board of education may issue warrants bearing interest payable semiannually.**

Under the School Code (Acts 1919, p. 567), a county board of education has authority to issue 6 per cent. warrants for a school building on the public school funds of the county having their interest payable semiannually instead of annually.

Appeal from Circuit Court, Jefferson County; Dan. A. Greene, Judge.

Bill by J. I. Kimmons against the Board of Education of Jefferson County and others to enjoin the issuance of certain warrants for building purposes. From a decree denying relief, complainant appeals. Affirmed.

Appellant, a resident citizen and taxpayer of school district No. 8–A of Jefferson county, filed this bill against the Jefferson county board of education and the individual members thereof to restrain said board from the issuance and sale of $25,000 of 6 per cent. warrants to raise funds for the erection of a schoolhouse in said district.

The bill shows the establishment of the above-named school district by metes and bounds, and that on September 8, 1919, a special tax of three mills was levied upon the real and personal property situated in said school district, such tax to continue for a period of ten years; that at a meeting of the board a resolution was passed inviting bids for the construction of a grammar school building for the above-named school district, and at such meeting the secretary of the board was authorized to advertise the sale of $25,000 of 6 per cent. warrants for the purpose of raising funds to erect such a school building; and that under the authority of said resolution the board is preparing to issue and sell for cash an issue of warrants in denominations of $1,000 each, bearing coupons for the interest at 6 per centum per annum. A copy of the proposed warrant is set out in the bill, as follows:

"No. ———.

"State of Alabama, Jefferson County.

"School Building Warrants.

"Know all men by these presents, that the county board of education of Jefferson county, Alabama, is justly indebted to the bearer hereof in the principal sum of $1,000 and the county treasurer of the public school funds is hereby authorized, ordered, and directed to pay to bearer the said sum of $1,000 from the fund hereinafter designated on the 1st day of ———, 19—, with interest thereon from the date hereof at the rate of 6 per cent. per annum, payable semiannually on the 1st day of February and August, in each year hereafter, until the maturity of this warrant, on presentation and surrender of the coupons hereto attached as they respectively mature. Both principal and interest of this warrant are payable in lawful money of the United States of America at the office of said county treasurer of public school funds in Birmingham, Alabama, or at the Guaranty Trust Company in the city of New York, in the state of New York, at the option of the holder, from the special fund raised by special tax levied and collected and to be levied and collected upon and from the taxable property in the school district in Jefferson county known as No. 8–A, commonly called the county high school district, as authorized by a special election held in said district, all as provided by the statutes of the state of Alabama.

"This warrant is one of a series of warrants of like tenor and effect, authorized by the county board of education of Jefferson county, Alabama, to be issued for the purpose of procuring funds for the erection of a school building in said district.

"It is hereby certified and recited that all acts, conditions, and things required to be done precedent to and in the issuance of this warrant have been properly done and performed in due form and time, that all the requirements of the law relating to the issuance of this warrant have been complied with, that a special tax of 30 cents on each $100 of taxable property in said school district has been levied for the year 1920, and will be levied for nine years thereafter, as provided in an election authorizing such tax, for the payment of the principal and interest of this series of warrants, and will be held and applied solely to that purpose.

"In testimony whereof this warrant is signed by the president of the county board of education, who is duly authorized to execute the same, and is attested by the secretary, and the seal of said board is hereto affixed as of the ——— day of ———, 1920. ———, President County Board of Education, Jefferson County, Alabama. ———, Secretary County Board of Education, Jefferson County, Alabama."

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Coupon:

"No. 1.

"The county treasurer of public school funds of Jefferson county, Alabama, will pay to bearer on the 1st day of August, 1920, the sum of $30 at the office of said treasurer in the city of Birmingham, Alabama, or at the Guaranty Trust Company in the city of New York, at the option of the holder, from a special fund raised by special tax levied and collected upon and from the taxable property of school district No. 8–A in Jefferson county, Alabama, being interest due on school warrant No. ———.
———, President County Board of Education, Jefferson County, Alabama."

The bill then alleges that the board of education is not a legally constituted body, and is without power to issue said warrants; that the law under which it is attempted to be created is unconstitutional, in that it violates section 45, art. 4, of the Constitution, which declares that each law shall contain but one subject which shall be clearly expressed in the title; and, further, that said law is also unconstitutional, in that it does not relate to the entire state; that in many of its aspects it relates only to certain counties or school districts which may or may not have levied a school tax, or which may or may not have a combined county school system, and that therefore said act is a local act applying only to certain counties or school districts, and that it does not appear notice was given as required by section 106 of the Constitution. A copy of the House and Senate journals is attached to the bill.

The bill further alleges that the paper called a "warrant" is a negotiable instrument, payable to bearer, and is in effect a bond, the issuance of which has not been authorized by a vote of the qualified voters of Jefferson county as required by the Constitution, and unless said board is restrained it will fasten a debt on the school district without authority of law. Paragraph 8½ of the bill shows an assessed valuation of Jefferson county and the amount of indebtedness thereof and amount of bonds previously issued by the board of education, and that said county has already exceeded its debt limit, and therefore the issuance of said warrants is without authority of law.

Paragraph 9 sets up that the School Code law (Acts 1919, p. 611), attempts to authorize the board of education to issue and sell school warrants not to exceed 6 per cent. per annum, but the interest on the proposed warrants is to be 6 per cent., payable semiannually, and is therefore unauthorized.

It is further alleged that these warrants are in fact bonds, as they are commercial paper, and are not authorized because there has been no vote by the qualified electors as required by the Constitution; that the proposed bonds are to be issued and sold in anticipation of taxes to be levied, for cash;

and that it was not the intention of the law that this be done, but that such issuance should only be for debts and demands as they became due in the administration of the board's affairs.

There was demurrer to the bill for want of equity, which demurrer was sustained, and from this decree the complainant prosecutes the appeal.

Weakley & Rice, of Birmingham, for appellant.

The Carmichael bill (Acts 1919, p. 567) is violative of the following sections of the Constitution: Sections 62, 63, and 222. 1 Words and Phrases, 831. The form of this warrant is different from county warrants heretofore held to be legal without election. 98 Ala. 535, 13 South. 382; 195 Ala. 614, 71 South. 448. The act is in fact a local law, as it does not apply to Mobile county, and to those counties not now levying a special tax for school purposes. Sections 104, 224, and 270, Const. 1901.

Joseph R. Tate, of Birmingham, for appellees.

All doubtful construction is resolved in the favor of the constitutionality of an act. 192 Ala. 289, 68 South. 369; 180 Ala. 473, 61 South. 597; 185 Ala. 354, 64 South. 13, L. R. A. 1915D, 98. The act is a general law. 160 Ala. 133, 49 South. 441, 686. The other attacks are without foundation. 64 Ala. 287; 54 Ala. 639, 25 Am. Rep. 730; 175 Ala. 644, 39 South. 167.

GARDNER, J. (after stating the facts as above). The bill in this case questions the authority of the board of education of Jefferson county in the issuance and sale of $25,000 of 6 per cent. warrants for the purpose of erecting a school building for school district No. 8–A of Jefferson county. Provisions for the sale of such warrants are to be found in what is commonly referred to as the "School Code" (Acts 1919, p. 567).

[1] It is first insisted that this act is void as in contravention of section 45, art. 4, of the Constitution, which declares that each law shall contain but one subject, which shall be clearly expressed in its title. There is expressed in the title of the act one clear, comprehensive subject, "to provide a complete educational system for the state of Alabama"; then follows a complete index as to each minor subject contained in the body of the act, all of which bear relation to the comprehensive subject above expressed. We think it quite clear that the act is free from the constitutional objection above referred to. Ballentyne v. Wickersham, 75 Ala. 533.

[2] The suggestion that the law is a local one, for the reason at the time of its passage there may be in the state certain localities where there is no need for its operation, is

also without merit. State ex rel. Collman v. Pitts, 160 Ala. 133, 49 South. 441, 686, 135 Am. St. Rep. 79.

It is next insisted that the issuance of these warrants is unauthorized, for the reason they are so framed as to constitute a negotiable instrument, and therefore be in effect a bond, the issuance of which is prohibited by section 222 of the Constitution, unless authorized by a majority vote of the qualified voters as therein prescribed.

This brings us to a consideration of that part of the above-cited act relating to the county board of education. In article 5 the general administration and supervision of public schools and of the educational interests of each county (cities of 2,000 or more inhabitants excepted) are vested in the county board of education, except as otherwise provided by law. The compensation for services of members of such county boards is had from the public school funds of the counties. The county board selects some suitable person to act as treasurer of the public school funds of the county, who shall receive and take charge of all funds of that character and pay out the same upon the written order of the county board of education. All property and funds for public school purposes are transferred to and vested in said boards and their successors in office; and any property granted, conveyed, or bequeathed for the use of any particular county, school district, or public school, is to be held in trust by said board for the benefit of such county, school district, or public school. The board is also given authority, upon the recommendation of the county superintendent of education, to borrow money on the credit of the school fund of the county to meet salaries of teachers and current expenses when the current funds on hand are not sufficient, to be secured by a pledge of the current revenues of the year. Section 26, among other powers, gives the county board the right to purchase by condemnation proceedings property for school purposes, and also gives the board the power to sue and contract, with the provision that "all processes shall be executed by service on the executive officer of the board."

Article 12 provides for the three-mill county and district school tax, and section 7 of this article gives the authority for the action pursued by the county board in the instant case. This section is as follows:

"Sec. 7. In any county which has levied or is levying a special county tax for school purposes, the county board of education, in order to erect, repair, enlarge or equip school buildings, or to make other improvements in the school facilities of the county, or to raise money for any of such purposes, is hereby authorized and empowered to issue and sell school warrants bearing interest at a rate not to exceed six per cent. (6%) per annum for an amount, including interest, not exceeding the income from said tax levy, estimating such income upon the basis of the assessed value of the taxable property in such county for the preceding tax year, as the annual return for such levy for the period for which such warrants are issued; and the board of education of any county or of any city of two thousand (2,000) or more inhabitants according to the last or any succeeding federal census, in order to erect, repair, enlarge or equip school buildings or to make improvements in the school facilities of any school district under its control in which a district school tax has been or is being levied, or to raise money for any of such purposes, is hereby authorized and empowered to issue school warrants bearing interest at a rate not to exceed six per cent. (6%) per annum for an amount, including interest, not to exceed the income from such tax levy, estimating such income upon the basis of the assessed value of the taxable property in such city or school district for the preceding tax year, as the annual return from such levy for the period for which such warrants are issued. The due date of said school warrants shall not extend beyond the 30th day of September next after the time when the tax for the last year of said levy shall become delinquent. All warrants shall be signed in the name of such board, by its president and shall be a preferred claim upon the proceeds of said tax levy, in such county or school district, as the case may be, each year during the period for which such warrants are issued to the extent of the warrants maturing during such year, and such board shall at the beginning of each tax year, by resolution entered upon its minutes, set apart so much of the tax income for that year as will be necessary to meet all warrants maturing during that year; provided, that nothing herein contained shall prevent the said board from paying any of such warrants for which the income from said tax levy, ascertained as herein provided may be insufficient to pay. Provided further, that the board of education of any city of two thousand (2,000) or more inhabitants, according to the last or any succeeding federal census, constituting an independent school district, is hereby authorized to pay the principal and interest, one or both, or any part thereof, of bonds hereafter issued by any such city to acquire sites for, and to erect, repair, enlarge or equip school buildings, or to make improvements in the school facilities of any such city."

[3] We have not here attempted to set out all the duties and functions of the county board of education, but sufficient reference has been made to the contents of this act to disclose that this board has been given very ample power, with rather full supervision of the public school system of counties, and that the school funds are under the control of said board and placed in the custody of a treasurer selected by the board. The county board of education is given the right to sue, and the implied right to be sued, and to hold property in trust. We are of the opinion that a reading of the act will disclose that this board is in fact a quasi corporation (Askew v. Hale County, 54 Ala. 639, 25 Am.

Rep. 730), and constitutes in fact an independent agency of the state for the purposes therein enumerated (Mobile County v. Kimball & Slaughter, 54 Ala. 56). This, of course, was entirely within the legislative power. State ex rel. Lott v. Brewer, 64 Ala. 287.

[4] The warrants, the issuance of which are here sought to be enjoined, do not purport to be the obligation of the county of Jefferson, nor of any particular subdivision or district of said county, but are issued solely by the county board of education, to be signed in the name of the board by its president, under the authority contained in section 7, supra, and to constitute a preferred claim upon the proceeds of the special school tax levied in said district. They contain no promise to pay, but merely an acknowledgment of indebtedness on the part of the county board of education and an order on the county treasurer of public school funds to pay the amount named therein from the special fund raised by the special tax levied and collected and to be levied and collected as therein shown. They are drawn upon and payable out of a particular fund, and payment thereof is contingent upon the sufficiency of this special fund. The holder of these warrants is not to look to the obligation of any political subdivision of the state or county, or even of the county board, but to this special fund which is to be collected under authority of the law and pledged in this manner to the payment thereof. These warrants therefore, under our decisions, are not negotiable instruments. People's Bank of Mobile v. Moore, 201 Ala. 411, 78 South. 789, and authorities there cited.

[5] The special school fund collected under the three-mill tax is under the control and direction of the county board of education, as provided in the above-cited acts; and in the manner here attempted the board is empowered to pledge this tax levy for the period for which these warrants are issued, and for the purpose of procuring cash in hand with which to erect a school building for that particular district. A reading of the section refutes the suggestion that the board was only authorized to issue warrants in payment of any debt contracted as the work was done, but, on the other hand, clearly discloses that the board is not only authorized to issue these warrants but to place them on the market, that they may be converted into cash if so desired for the purposes stated.

Whether the warrants issued come precisely within the definition of county warrants treated in the case of Littlejohn v. Littlejohn, 195 Ala. 614, 71 South. 448, and Savage v. Matthews, 98 Ala. 535, 13 South. 328, is immaterial. These instruments are not and do not purport to be county warrants, but only warrants drawn by the board of education directing payment out of a special fund, and are not governed by any particular rule which may relate to the issuance of county warrants. The Legislature had the power in the act here considered to pledge this special tax fund for these purposes. This it did not attempt, but merely authorized the pledge of this fund by the county board, as has been done. What could be done in this particular by the Legislature itself, of course, could be done through an agency selected by it for that purpose. Such is the situation here. The instruments here in question are not bonds sought to be issued by any political subdivision of the state or county, but are warrants only, drawn upon and payable from a special fund which is specifically pledged for their payment.

These conclusions demonstrate, therefore, that sections 104, 222, and 224 of the Constitution have no application to the instant case, and it is not made to appear that the issuance of these warrants is violative of any constitutional provision. We do not reach a consideration of the question as to whether or not the school district referred to herein is such a district or political subdivision of the state or county, within the purview of said section 222 of our Constitution, but the foregoing conclusion is reached, even though it should be conceded, without deciding, that such district comes within the influence of the above constitutional provision.

[6] Nor is there merit in the suggestion that the interest on said warrants is payable semiannually instead of annually, as it clearly appears such mode of payment by no means is contradictory of any authority found in section 7 above referred to.

There is some suggestion in brief that the journals fail to disclose a compliance with sections 63 and 64 of the Constitution as to the passage of the bill, but the certified copy of the journals of the House and Senate, attached as an exhibit to the bill, refute this insistence.

We have considered all the objections argued by counsel for appellant in brief, and have reached the conclusion that none of them are well taken, and that the bill is therefore without equity.

The decree rendered is correct, and will be here affirmed.

Affirmed.

All the Justices concur.