Brenda Jo Hutt, a minor, suing through her next friend and father, Robert Hutt, filed a complaint against the Etowah County Board of Education for failure to furnish safe gymnasium facilities at Hokes Bluff High School. She alleged that she was injured on April 9, 1981, during a basketball activity in the gymnasium when her hand struck glass windows in a door located in close proximity to the edge of the basketball court, shattering the glass upon impact. *Page 974 
The Circuit Court of Etowah County granted the board's motion for summary judgment on the negligence counts of Hutt's complaint on the authority of Sims v. Etowah County Board ofEducation, 337 So.2d 1310 (Ala. 1976). Hutt appeals from that ruling.[1]
Hutt asks us to re-examine our prior decisions holding that county boards of education are not subject to tort actions, due to sovereign immunity. E.g., Sims v. Etowah County Board ofEducation, supra; Turk v. County Board of Education of MonroeCounty, 222 Ala. 177, 131 So. 436 (1930). For the reasons that follow, we decline to depart from the precedent set forth in those earlier decisions.
On numerous occasions, this court has stated that boards of education, both county and municipal, are independent agencies of the state. Enterprise City Board of Education v. Miller,348 So.2d 782, 783 (Ala. 1977); Sims v. Etowah County Board ofEducation, 337 So.2d at 1315, quoting Turk v. County Board ofEducation, 222 Ala. 177, 131 So. 436, 437 (1930); Greeson Mfg.Co. v. County Board of Education, 217 Ala. 565, 117 So. 163
(1928). Nevertheless, Hutt argues that "a county school board, like a county commission, is nothing more than an involuntary political subdivision of a county," and, therefore, subject to suits in tort for reasons similar to those enumerated by this court for tort liability on the part of a county commission.See Cook v. County of St. Clair, 384 So.2d 1 (Ala. 1980). We disagree.
County boards of education are not agencies of the counties, but local agencies of the state, charged by the legislature with the task of supervising public education within the counties. See §§ 16-8-8-9, Code 1975; Clark v. Jefferson CountyBoard of Education, 410 So.2d 23, 27 (Ala. 1982). They execute a state function — not a county function — namely, education.Sims v. Etowah County Board of Education, 337 So.2d at 1317 (Faulkner, J., dissenting), citing Alabama Constitution, Art. 13, § 256. Therefore, they partake of the state's immunity from suit to the extent that the legislature authorizes. Sims v.Etowah County Board of Education, 337 So.2d at 1316; EnterpriseCity Board of Education, 348 So.2d at 783.[2]
In numerous cases involving governmental entities, including county boards of education, this court has held that "may be sued" language in the applicable statute is essential to a finding that suits against the entities are authorized. Cook v.County of St. Clair, supra (counties); Board of SchoolCommissioners of Mobile County v. Cavers, 355 So.2d 712 (Ala. 1978) (county boards of education); Enterprise City Board ofEducation v. Miller, supra (municipal boards of education);Sims v. Etowah County Board of Education, supra (county boards of education); Lorence v. Hospital Board of Morgan County,294 Ala. 614, 320 So.2d 631 (1975) (county hospital boards);Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975) (municipalities). Hutt argues that this rule should no longer be applied to county boards of education because the legislature, by prescribing the limits of liability in tort cases for government entities, including county public school boards, Act 673, § 1, page 1161, Vol. 2, Acts of Alabama 1977, has indicated that such boards are not immune from suit in tort. We think this interpretation of the statute wilts in light of the legislature's statement that the limits *Page 975 
should be applied to school boards only "when such boards do not operate as functions of the State of Alabama." Id.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
FAULKNER, J., dissents.
TORBERT, C.J., not sitting.
[1] The trial court also granted the board's motion for summary judgment on the counts of Hutt's complaint that sound in implied contract, on the authority of Brown v. Calhoun CountyBoard of Education, 432 So.2d 1230 (Ala. 1982). Hutt does not challenge that ruling in this appeal.
[2] Likewise, municipal boards of education are not agencies of municipalities, but agencies of the state, "empowered to administer public education within the cities." Enterprise CityBoard of Education v. Miller, 348 So.2d at 783, 784. Therefore, they enjoy immunity from tort liability, id., though municipalities enjoy no such immunity. Jackson v. City ofFlorence, 294 Ala. 592, 320 So.2d 68 (1975). (In EnterpriseCity Board of Education v. Miller, this court clearly stated that its holding there was not at variance with Jackson v. Cityof Florence. Similarly, our holding in this case does not conflict with Cook v. County of St. Clair.)