524 So.2d 623 (1988)
Warren H. BROWN, Jr.
v.
COVINGTON COUNTY BOARD OF EDUCATION.
86-805.
Supreme Court of Alabama.
April 15, 1988.
M. Ashley McKathan, of Powell, Powell & McKathan, Andalusia, for appellant.
Peter A. McInish of Lee & McInish, Dothan and W. Sidney Fuller, Andalusia, for appellee.
BEATTY, Justice.
Appeal by plaintiff, Warren H. Brown, Jr., from a judgment for the defendant, Covington County Board of Education ("Board"), entered upon a jury verdict, and from an order denying a motion for a new trial. We affirm.
*624 The cause grew out of physical injuries plaintiff received when he fell down an embankment on the grounds of Pleasant Home High School, an entity of the defendant. Plaintiff had driven to the school grounds and parked his car on the grounds in an area commonly used for parking by persons attending school events. On the occasion in question, plaintiff went to the school to attend an FHA-sponsored beauty pageant, a school function for which admission was charged, the receipts from which were to be used for the benefit of the school. The event took place in the school auditorium. Plaintiff's injury occurred as he proceeded there, but, because of the injury, he was not able to attend.
Plaintiff's action against the Board was initiated by a complaint containing two counts: implied warranty and implied contract. To these allegations, the defendant pleaded a general denial, contributory negligence, assumption of risk, immunity, and lack of consideration. Following discovery, the defendant moved for summary judgment, which was denied. The case was tried to a jury. The defendant Board moved for a directed verdict at the close of plaintiff's evidence and at the conclusion of all of the evidence. The trial court granted the motion as to the count in breach of warranty, but denied it as to the implied contract.
Both parties requested certain written instructions. These were refused; the trial court gave an oral charge to the jury, which, after deliberations, returned a verdict for the defendant, upon which judgment for the defendant was entered. Plaintiff's motion for a new trial was overruled, and this appeal ensued.
Plaintiff presents two issues for our review:
(1) Whether it was error for the trial court to refuse certain jury charges concerning defendant's duties as they related to school events; and
(2) Whether the trial court erred by allowing improper argument.
With respect to the first issue, plaintiff maintains that his case falls squarely within our decision of Sims v. Etowah County Board of Education, 337 So.2d 1310 (Ala. 1976). In that case, a majority of this Court allowed a cause of action against a county school board in implied contract to persons injured by the collapse of a stadium viewstand. That decision analogized the injured person who had purchased admission to the patron of a theatre, another place of entertainment, as stated in Birmingham Amusement Co. v. Norris, 216 Ala. 138, 141, 112 So. 633, 635 (1927):
"`[W]here the proprietor invites people upon his premises, and receives compensation for the privilege of their entrance, or for their entertainment while there, he impliedly undertakes that the premises are reasonably safe for the purpose intended, and for which they are accordingly used by his patrons.'" (Emphasis added.)
Since that decision, this Court has reiterated the liability of county school boards upon their contracts, e.g., Belcher v. Jefferson County Board of Education, 474 So. 2d 1063 (Ala.1985):
"Section 16-8-40, Code 1975, gives county boards of education the right to sue and contract. In Sims v. Etowah County Board of Education, 337 So.2d 1310 (Ala.1976), this Court affirmed a dismissal by the lower court of a tort claim of negligence, but reversed the dismissal of the breach of implied contract counts. The Court cited the board's statutory right to sue and contract, supra, and stated as follows:
"`This right to sue carries with it the implied right to be sued, Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774 (1920), but only upon such matters as are within the scope of its corporate power. Morgan, et al. v. Cherokee County Board of Education, 257 Ala. 201, 58 So.2d 134 (1952). Thus our cases recognize that a county board of education may be sued on its contracts.'
". . .
"... The Court concluded by saying this:
"`Having found that a county board of education has statutory authority to make a contractual undertaking with *625 regard to the safety of premises it utilizes in conducting athletic contests which the public may view upon the payment of consideration, we must hold that the trial court erred in dismissing the contract counts.'"
474 So.2d 1065-66.
It is clear that Sims, supra, and its progeny refer to contracts, i.e., undertakings in which consideration has passed by way of payment. That requirement takes the facts of this case out of Sims, simply because plaintiff here paid no admission, whatever his expectancy. The fact that he was prevented from paying admission because of the intervention of his injuries, nevertheless, does not make any conduct, or the lack of it, by the Board a breach of contract. If that Board was culpable under the facts adduced below, then, it would have been for a tort, for which the Board was immune. Hutt v. Etowah County Board of Education, 454 So.2d 973 (Ala. 1984); Sims, supra.
Charges No. 17, 18, 19, and 20, which we have examined, were not hypothesized on the evidence or related to the issue being litigated, implied contract, and thus each of them was an abstract charge which it was not error to refuse. Bateh v. Brown, 293 Ala. 704, 310 So.2d 186 (1975).
Plaintiff complains that the trial court's oral charge was incorrect, in that it "delved into areas of general tort law to the total exclusion of the contract counts." While that characterization is generally correct, it can avail plaintiff nothing, for under the evidence he could not prevail under either theory, tort or contract; accordingly, it was not reversible error for the trial court to so charge. Indeed, the oral charge appears to have favored plaintiff:
"Now in this case, there [are] several material averments that he must have proven. First he must prove that the FHA sponsored beauty pageant which was held at the Pleasant Home School in March of 1985 was an authorized aspect of the public school curriculum. That is, it was authorized by the defendant, County Board of Education.
"He must prove that the plaintiff was in the class of paying spectators at the public entertainment function being held on the Pleasant Home School premises as a part of the public school curriculum. He must prove to your reasonable satisfaction that the premises at the Pleasant Home School were not reasonably safe for use by spectators at a public entertainment event being held by the authority of the school board.
"They [sic] must prove that any injury that he received, if he received an injury, was proximately caused by the failure of the defendant, Board of Education, to maintain the premises at Pleasant Home School in a reasonably safe condition for use by spectators at a public entertainment event. Those are the elements that the plaintiff must prove to your reason[able] satisfaction.
"Now the defendant has entered a plea of not guilty. [It] says that [it's] not guilty of anything and goes further and says that the plaintiff was not a paying spectator at a public school event. Those are the things which you must determine."
The trial court then charged:
"[Y]ou must go further and determine whether or not the plaintiff was in the class of persons that was a paying spectator at a public entertainment function held at the Pleasant Home School as a part of the school curriculum. If you are reasonably satisfied that he was then that would invoke some other principles of law that I want to instruct you on.
"That would put him in the class of what is defined under our law as an invitee. And an invitee is a person who is on premises to conduct business of the nature which an invitation has been issued to the general public. And the duty owed to an invitee is to maintain the premises reasonably free from danger or to use reasonable care to keep the premises in a safe condition for persons who come there by invitation.
"And under our law an invitee assumes all normal and ordinary risks intended upon the use of the premises and the occupier of the premises is not liable *626 for injuries resulting from a dangerous condition which was obvious or which should have been observed in the exercise of reasonable care."
Considering the entire charge, it does appear that the trial court was instructing both on the law of Sims and upon tort liability as well. Thus, that portion of the charge which, though beneficial to plaintiff (see Birmingham Electric Co. v. Cleveland, 216 Ala. 455, 113 So. 403 (1927)), nevertheless, authorized recovery in tort against the Board was clearly error, for the Board was immune from liability in tort. Hutt, supra.
Moreover, plaintiff is not entitled to a reversal based on his second issue. During closing argument, the Board's counsel stated to the jury:
"[Defense Counsel]: Not only was this innovative parking, this is an innovative lawsuit where they are suing a former employer and telling you
"[Plaintiff's Counsel]: Judge, I object. That is the second time he has said it and Mrs. Brown is not involved in this suit"
The trial court overruled the objection. We cannot hold that this ruling was error to reverse. The record discloses that plaintiff's wife had taught at this school for some 30 years and that she appeared as a witness for plaintiff. Although it is true that she was not a named party, nevertheless, under the circumstances of his claim based upon serious injuries, we cannot conclude that this incorrect reference to "they are suing a former employer" substantially prejudiced the plaintiff so as to overcome the presumption in favor of the trial court's ruling. Seaboard Coastline R.R. v. Moore, 479 So.2d 1131 (Ala.1985); Central of Georgia Ry. v. Phillips, 286 Ala. 365, 240 So.2d 118 (1970).
Indeed, under the record, we find no error complained of that has "injuriously affected substantial rights" of the plaintiff, and, accordingly, under Rule 45, A.R. App.P., the judgment must be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., concurs specially.
JONES, J., concurs in the result.
MADDOX, Justice (concurring specially.)
I concur in the result reached. I do not believe that there was a contract, express or implied, shown by the evidence in this case, between the plaintiff and the county school board. Any duty owed by the school board to the plaintiff, and any breach of that duty, would have been tortious only. See Lorence v. Hospital Board, 294 Ala. 614, 320 So.2d 631 (1975).