PARKER, Justice.
 

 The question presented in this case is whether a county board of education is immune under § 14, Ala. Const.1901, from liability in an action against it alleging breach of an implied contract arising from the sale of an admission ticket to a sports event. The Hale County Board of Education (“the Board”) petitions this Court for a writ of mandamus directing the trial court to grant its motion for a summary judgment on such a claim brought against it by Edgar Lee and his wife, Fannie Lee, on the basis that the Board is immune.
 

 I. Factual and Procedural Posture
 

 On or about January 11, 2005, Edgar attended a basketball game at Akron East High School in Hale County. He purchased a ticket at the door and watched the game from the bleachers. When the game ended, he fell from the bleachers and sustained injuries that required medical attention. On January 4, 2007, the Lees sued the Board
 
 [1]
 
 asserting various tort claims and a claim alleging breach of an implied contract. On April 1, 2008, the Board moved for a summary judgment, and on April 11, 2008, after a hearing, the trial court granted the motion and entered a summary judgment on all the claims against the Board except the breach-of-implied-contract claim, citing as the basis for retaining that claim
 
 Sims v. Etowah County Board of Education,
 
 337 So.2d 1310 (Ala.1976). The Board filed this petition for a writ of mandamus from the denial of its motion for a summary judgment on the breach-of-implied-contract claim. We grant the petition and issue the writ.
 

 In their opposition to the Board’s petition for a writ of mandamus, the Lees argue that, although
 
 Sim.s
 
 stands for the premise that the State is immune from tort liability, that opinion also provides precedent for their position that “county boards of education can be sued for breach of contract on an implied contract wherein the [county board of education] fails to provide safe premises utilized in conducting athletic contests made available to the public.” Answer, at 1-2 (citing
 
 Sims,
 
 337 So.2d at 1314).
 

 
 *846
 

 II. Standard of Review
 

 “ ‘ “While the general rule is that denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion for summary judgment
 
 grounded on a claim of immunity
 
 is reviewable by petition for writ of mandamus.”
 
 Ex parte Rizk,
 
 791 So.2d 911, 912 (Ala.2000). A writ of mandamus is an extraordinary remedy available only when there is: “(1) a clear legal right to the order sought; (2)' an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
 
 Ex parte BOC Group, Inc.,
 
 823 So.2d 1270, 1272 (Ala.2001).’ ”
 

 Ex parte Estate of Reynolds,
 
 946 So.2d 450, 452 (Ala.2006) (quoting
 
 Ex parte Nall,
 
 879 So.2d 541, 543 (Ala.2003)).
 

 III. Legal Analysis
 

 The Board claims that it has a clear legal right to the summary judgment. The Board based its motion for a summary judgment on § 14, Ala. Const.1901, which provides “[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.” In its brief in support of its summary-judgment motion, the Board provided a history of the evolution of current immunity law, quoting the informative discourse this Court set out in
 
 Ex parte Town of Lowndesboro,
 
 950 So.2d 1203, 1205-06 (Ala.2006), explaining that the State of Alabama is immune from suit:
 

 “ ‘In 1875, the Legislature repealed all acts granting the right to sue the State, and the Constitution of 1875 contained a provision, that “The State of Alabama shall never be made defendant in any court of law or equity.” Section 15, Const, of Alabama, 1875. Section 14 of the 1901 Constitution is the same as Section 15 of the 1875 Constitution. The adoption of the 1875 Constitution closed the door to litigants who had claims against the State, and the door has remained closed continuously by subsequent constitutional provisions and court decisions interpreting those provisions.’ ”
 

 (Quoting
 
 Hutchinson v. Board of Trs. of Univ. of Alabama,
 
 288 Ala. 20, 23, 256 So.2d 281, 283 (1971) (footnote omitted).)
 

 The Board cites
 
 Board of School Commissioners of Mobile County v. Architects Group, Inc.,
 
 752 So.2d 489, 491 (Ala.1999), for the proposition that a county board of education enjoys the same State immunity a State agency enjoys. In that case, this Court held that “ ‘[cjounty boards of education are not agencies of the counties, but
 
 local agencies of the state,
 
 charged by the legislature with the task of supervising public education within the counties.’ ” (Quoting
 
 Hutt v. Etowah County Bd. of Educ., 454
 
 So.2d 973, 974 (Ala.984) (emphasis added).) The Lees, however, argue that
 
 Sims
 
 unequivocally held “that [the Etowah County Board of Education] is not immune from suit for breach of contract and thus [the Court] reverse[d] the decision of the trial court dismissing the complaints.”
 
 Sims,
 
 337 So.2d at 1312.
 

 In response, the Board argued in its brief in support of its motion for a summary judgment:
 

 “The Court’s ruling in
 
 Sims
 
 is based on the legislature’s apparent determination that an exception to a county board of education’s immunity as provided by § 14 should exist for claims based in contract. That is, the legislature decided to waive a county board of education’s immunity as it applies to claims based upon contracts. See also,
 
 Belcher v. Jefferson County Bd. of Ed.,
 
 474 So.2d 1063 (Ala.1985),
 
 Palmer v. Perry County Bd. of Ed.,
 
 496 So.2d 2 (Ala.
 
 *847
 
 1986). The Court’s decisions in these cases overlooked an important factor. Immunity is provided by the Constitution. Because the Constitution prohibits suits against the state and its agencies, the legislature cannot consent to such a suit.
 
 Armory Comm’n of Alabama v. Staudt,
 
 388 So.2d 991, 992 (Ala.1980). The Court apparently realized this oversight in
 
 Williams v. John C. Calhoun Community College,
 
 646 So.2d 1 (Ala.1994), when it held that a breach of contract action against state officers and employees was prohibited by § 14.
 
 Hutchinson v. Board of Trustees of University of Ala.,
 
 288 Ala. 20, 24, 256 So.2d 281, 284 (Ala.1971).”
 

 Board’s brief, at 12. The Board asserts that
 
 Sims
 
 was based on the “legislature’s apparent determination that an exception to a county board of education’s immunity should exist for claims based in contract.” Petition, at 18. However, it was an earlier
 
 judicial detemination,
 
 based on statutory interpretation, that the right to sue implies a right
 
 to be
 
 sued that the Court in
 
 Sim,s
 
 relied on:
 

 “By virtue of
 
 Alabama Code,
 
 Tit. 52, § 99 [now § 16-8^10, Ala.Code 1975]:
 

 “ ‘The county board of education ... may sue and contract, all contracts to be made after resolutions have been adopted by the board and spread upon its minutes.... ’
 

 “This right to sue carries with it the implied right to be sued,
 
 Kimmons v. Jefferson County Board of Education,
 
 204 Ala. 384, 85 So. 774 (1920), but only upon such matters as are within the scope of its corporate power.
 
 Morgan et al. v. Cherokee County Board of Education,
 
 257 Ala. 201, 58 So.2d 134 (1952). Thus our cases recognize that a county board of education may be sued on its contracts.”
 

 Sims,
 
 337 So.2d at 1313. This exception to a county board of education’s immunity was limited to such matters as were within the scope of the board’s corporate power, but
 
 Sims
 
 also applied ticket-admission liability under an implied-contract theory directly to boards of education:
 

 “That it is within the scope of the corporate power of a county board of education to authorize athletic contests between schools under their management and others, and to contract, expressly or by implication, with members of the public who wish to view such contests, is clear.
 

 [[Image here]]
 

 “In Alabama, ... a ticket to a place of public entertainment constitutes a contract between the ’ proprietor and the purchaser of the ticket; whatever contractual duties grow out of that relation, it has been held, must be performed by the proprietor or he must respond in damages for breach of contract.
 
 Interstate Amusement Co. v. Martin,
 
 8 Ala. App. 481, 62 So. 404 (1913).”
 

 Sims,
 
 337 So.2d at 1313-14.
 

 It is clear that under a still vital
 
 Sims,
 
 the trial court’s denial of the Board’s motion for a summary judgment on the Lees’ breach-of-implied-contract claim against it would be proper. Consequently, the Boai*d raises constitutional challenges to those portions of
 
 Sim,s
 
 that support the denial of its summary-judgment motion. The Board argues that
 
 “Sim,s
 
 was a departure from established law and is no longer controlling.” Petition, at 17. We agree. Our reasoning is based on the historical precedent on which
 
 Sims
 
 relied.
 

 In deciding
 
 Sims,
 
 this Court relied on longstanding precedent: “This right to sue carries with it the implied right to be sued,
 
 Kimmons v. Jefferson County Board of Education,
 
 204 Ala. 384, 85 So. 774 (1920).”
 
 Sims,
 
 337 So.2d at 1313. In
 
 *848
 

 Kimmons v. Jefferson County Board of Education,
 
 204 Ala. 384, 85 So. 774 (1920), a taxpayer sued the Jefferson County Board of Education, seeking to restrain the board from issuing warrants for the purpose of raising money to erect a school building. The trial court dismissed the suit, and this Court, on appeal, reviewed the issues raised, including one challenging the power of the board of education to issue the warrants. We wrote: “The county board of education is given the right to sue,
 
 and the implied, right to be sued
 
 .... We are of the opinion ... that this board is in fact a quasi corporation
 
 (Askew v. Hale County,
 
 54 Ala. 639, 25 Am. Rep. 730 [ (1875) ]).” 204 Ala. at 387, 85 So. at 777 (emphasis added).
 

 In
 
 Askew v. Hale County,
 
 54 Ala. 639 (1875), an individual sued Hale County, then newly created, for damages he suffered when a bridge he was crossing “careened,” throwing his horses and carriage from it, killing one horse, injuring the other, and damaging the carriage. The trial court dismissed the claims against the county. Although this Court sustained the demurrer on appeal, it wrote:
 

 “It is true the statute declares, ‘every county which has been or may be established in this State, is a body corporate, and with power to sue and be sued in any court of record.’ — R.C. § 897.1[
 
 2
 
 ] Counties are necessarily invested with some corporate functions, and as to these, each county is ... a quasi corporation.”
 

 54 Ala. at 643.
 

 In deciding
 
 Kimmons,
 
 the Court relied on
 
 Askew
 
 to extend a county’s liability to suit to county boards of education. In so doing, the Court failed to consider that county boards of education are “local agencies of the state” and thus immune from suit under the constitutional bar of § 14. The
 
 Kimmons
 
 decision has resulted in significant confusion, and we now reassert the absolute constitutional immunity of county boards of education.
 

 “ ‘County boards of education are not agencies of the counties, but local agencies of the state, charged by the legislature with the task of supervising public education within the counties.’ ”
 
 Board of Sch. Comm’rs of Mobile County,
 
 752 So.2d at 491 (quoting
 
 Hutt,
 
 454 So.2d at 974). “Under Ala. Const.0of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state.”
 
 Ex parte Tuscaloosa County,
 
 796 So.2d 1100, 1103 (Ala.2000).
 

 “For purposes of § 14 immunity, county boards of education are considered agencies of the State.
 
 Louviere v. Mobile County Bd. of Educ.,
 
 670 So.2d 873, 877 (Ala.1995) (‘County boards of education, as local agencies of the State, enjoy [§ 14] immunity.’). Thus, this Court has held that county boards of education are immune from tort actions.
 
 See Brown v. Covington County Bd. of Educ.,
 
 524 So.2d 623, 625 (Ala.1988);
 
 Hutt v. Etowah County Bd. of Educ.,
 
 454 So.2d 973, 974 (Ala.1984).”
 

 Ex parte Jackson County Bd,. of Educ.,
 
 4 So.3d 1099,1102-03 (Ala.2008).
 

 Because county boards of education are local agencies of the State, they are clothed in constitutional immunity from suit, and we overrule
 
 Sims
 
 and
 
 Kimmons,
 
 204 Ala. at 387, 85 So. at 777 (“The county board of education is given the right to sue, and the implied right to be sued .... ”), to the extent that they and their
 
 *849
 
 progeny impose an implied “right to be sued” on county boards of education.
 

 IV. Conclusion
 

 The Board has demonstrated that it has absolute immunity from suit under § 14, Ala. Const.1901. Therefore, having no other adequate remedy and having properly invoked the jurisdiction of this Court to examine the reasoning behind the trial court’s refusal to perform its imperative duty, the Board has demonstrated that it has a clear legal right to a writ of mandamus directing the trial court to enter a summary judgment on the Lees’ breach-of-implied-contract claim against it.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and MURDOCK, JJ., concur.
 

 [1]
 

 . The Lees also named as defendants Joseph F. Stegall, Jr., the superintendent of education for the Board; Frederica Jimerson, the principal of the high school; Donald Morrison, the director of maintenance for the Board; Myron Scott, the high school custodian; and various fictitiously named defendants. Scott was later dismissed by the Lees, and motions for a summary judgment were granted by the trial court as to the other individual defendants on April 11, 2008, leaving only the Board as a defendant. Petition, at 13.
 

 [2]
 

 . Alabama Code 1975, § 11-1-2, contains nearly the same wording: "Every county is a body corporate, with power to sue or be sued in any court of record.”