RUSSELL, Judge.
This is a workmen’s compensation case.
Following an ore tenus hearing, the trial court entered a final judgment, finding Darrell Bentley (employee) permanently and totally disabled and awarding him benefits in the amount of $331.00 per week and an attorney’s fee of $39,326.19. This appeal followed. We affirm in part, reverse in part, and remand with instructions.
Jim Walter Resources, Inc. (employer) raises several issues which, it suggests, warrant a reversal of the trial court. The first three issues focus on the trial court’s failure to grant the employer’s motion for a continuance and its finding of permanent disability in light of depositional testimony which demonstrated that the employee was reasonably likely to benefit from vocational rehabilitation. Its final issue challenges the propriety of the trial court’s award of attorney’s fees.
Initially, we note that the standard of review in workmen’s compensation cases is limited to a determination of whether there is any evidence'to support the trial court’s findings of fact. Floyd v. Housing Authority of Troy, 397 So.2d 136 (Ala.Civ.App.1981). If there is any legal evidence to support the trial court’s findings, this court will affirm. Washington v. Warrior Tractor & Equipment Co., 487 So.2d 1371 (Ala.Civ.App.1986). Additionally, whether to grant a motion for continuance is a matter within the discretion of the trial court, and a denial of such a motion will be reversed only when a palpable or gross abuse of that discretion is demonstrated. Scullin v. Cameron, 518 So.2d 695 (Ala.1987).
The employer sought a continuance on the day of the trial for the purpose of having the employee submit to a program of vocational rehabilitation. By proceeding to hear evidence and by ultimately rendering a final judgment, the trial court impliedly denied this motion. We find no abuse of discretion in the trial court’s having taken such action.
The employer notes that two medical and two vocational experts indicated that the employee might benefit from vocational rehabilitation, yet its written request for continuance was not filed until the day of the trial. It argues that such opinions support its contention that the continuance should have been granted, although no plausible explanation exists for the employer’s delay in requesting a continuance. Because of the timing of the employer’s motion, we do not find error or abuse of discretion by the trial court in denying such motion. See Swann v. Caylor, 516 So.2d 699 (Ala.Civ.App.1987).
The employer further suggests that, because expert opinion indicated that the *1074 employee might benefit from vocational rehabilitation, there was no evidence to support the trial court’s finding of permanent disability. However, at least one physician testified that, as regards a finding of permanent disability, the employee had reached maximum medical improvement. A second physician testified that scarring resulting from past corrective surgery was also permanent. Additionally, the trial court is not bound by the opinion testimony of experts before it, even if such testimony is uncontroverted. Junior Food Stores, Inc. v. Garvin, 447 So.2d 794 (Ala.Civ.App.1984). Consequently, we find that there was sufficient evidence to support the trial court’s finding of permanent disability.
The employer also contends that the trial court erred in its award of an attorney’s fee to the employee without a concurrent reduction in weekly disability benefits payable to the employee. We agree.
In Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988), the supreme court held that a trial court, when exercising its discretion to order payment of a lump sum attorney’s fee in a total permanent disability case, must deduct that fee from the present value of the aggregate award in order to calculate the amount of weekly benefits to which the employee is entitled. In the instant case, the trial court’s failure to do so was error. Consequently, with respect to this issue we reverse and remand for a recomputation of the weekly benefits payable to the employee as provided for in this opinion.
•AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.