HOUSTON, Justice.
Hidden Cove Outdoor Resort, Inc. (“Hidden Cove”), petitions for a writ of mandamus directing the Winston Circuit Court to vacate its order denying Hidden Cove’s motion for entry of a final judgment under Rule 54(b), Ala.R.Civ.P., and directing that court to enter a final judgment pursuant to Rule 54(b). We deny the writ.
Certain plaintiffs sued in the Winston Circuit Court for declaratory relief against two defendants — Hideaway Harbor Resort, Inc., and Hidden Cove. The plaintiffs had each purchased a membership in Hideaway Harbor, a vacation resort that imposed certain restrictions on its use. Hideaway Harbor sold the resort to another corporation, which later sold it to Hidden Cove. The lawsuit concerned the interpretation of the restrictions Hidden Cove was requiring the plaintiffs to comply with. Although both Hideaway Harbor and Hidden Cove were served "with the complaint, only Hidden Cove filed an appearance and presented a defense.
The circuit court held a trial, and on August 4, 1998, it entered a judgment declaring the rights of the parties. Both Hideaway Harbor and Hidden Cove were listed as defendants in the style of the judgment; however, the body of the judgment suggested that it adjudicated the rights of only one unspecified “defendant” and assessed costs against that “defendant.” Hidden Cove subsequently filed a Rule 54(b) motion, seeking to have the judgment made “final” insofar as Hidden Cove was concerned. The trial court denied that motion on April 21, 1999. Hidden Cove then filed its mandamus petition in this Court.
Hidden Cove argues that the circuit court has entered no “final” judgment because, it says, the body of the trial court’s judgment referred to “only one defendant, without specifically identifying which defendant,” and because the trial court faded to certify the judgment against it as “final,” pursuant to Rule 54(b). Although it is true that the August 4, 1998, judgment was unclear as to whether it pertained to both Hideaway Harbor and Hidden Cove, any ambiguity in the judgment was cleared up in the trial court’s April 21, 1999, order denying Hidden Cove’s Rule 54(b) motion. That order states:
“1. That the Declaratory Judgment entered by this Court on the 4th day of August, 1998, was a Final Order.
“2. That the said Declaratory Judgment disposed of all issues before this Court.
“3. That the said Declaratory Judgment is binding on all parties named in this action.”
The wording of this order left no doubt that the declaratory judgment was final for appeal purposes, at least as early as April 21,1999. Hidden Cove’s avenue of redress was by an appeal from the declaratory *523 judgment, not by a petition for a writ of mandamus. Because the trial court has entered a final judgment as to all claims and all parties, Hidden Cove has demonstrated no clear legal right to the order it seeks. Therefore, the writ of mandamus is denied.
WRIT DENIED.
HOOPER, C.J., and MADDOX, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.