THOMPSON, Presiding Judge.
Nollie Dees, Elaine Beech, Fred Thomas, Clatis Becton, and Kesler Weaver, Sr., all of whom are members of the Washington County Board of Education (“the Board”), and Tim Savage, who serves as the Superintendent of Education in Washington County (collectively, “the defendants”), appeal from the Washington Circuit Court’s judgment in favor of Linda Coaker, Nelson Thompson, Leverne Thompson, and Jean Guys, all of whom are employees of the Board (collectively, “the plaintiffs”). For the reasons stated herein, we affirm the trial court’s judgment in part, vacate it in part, and remand the cause.
The Board employs several classifications of employees, including, among others, teachers, school secretaries, and a category of employees that it classifies as “support personnel.” The latter category of employees includes teachers’ aides, bus drivers, janitorial workers, computer technicians, and computer aides. The plaintiffs are all categorized as support personnel by the Board. For most of its employment categories, the Board has adopted a salary structure that includes a schedule with incremental salary increases, or steps, based on employment longevity. The Board has not adopted such a salary system for its support personnel. Instead, the Board has prepared a single-page document that lists all the types of support-personnel jobs and provides a single salary amount for each job without any steps in the salary schedule. Thus, for example, all bus drivers are paid the same amount, regardless of any differences in employment length, driving record, driving ability, or other characteristics.
On November 17, 2007, the plaintiffs filed an action against the defendants. The plaintiffs named the defendants in their official capacities only.[1] The plaintiffs alleged that the fact that the Board did not compensate them according to a salary schedule that included steps based on their length of employment violated Alabama law, which, they contended, requires local boards of education to implement for each classification of its employees a salary schedule that includes steps based on length of service. The plaintiffs sought a writ of mandamus directing the defendants to “establish and maintain a proper salary schedule which includes step increases in compensation based upon length of service,” to declare that the defendants’ failure to have established such a salary schedule violated Alabama law, and to enjoin the defendants to establish and maintain such a salary schedule.[2]
On April 21, 2008, the plaintiffs and the defendants filed cross-motions for a sum *326 mary judgment. In support of their motion, the plaintiffs argued that the salary system in place for support personnel did not comply with § 16 — 22—10(f), Ala.Code 1975, which provides that “[e]ach city and county board of education shall establish and maintain a written salary schedule for each class and type of employee.” They argued that a “schedule” is a “list, table, or matrix that includes more than one entry” and that, as a result, the statutory mandate to provide a “salary schedule” for “each class and type of employee” required more than just a single entry as to the salary for each of the support-personnel jobs. That the legislature intended a mul-ti-entry list of salaries for each job was further evidenced, the plaintiffs argued, by the mandate found in § 16-22-13.5(a)(2) that, in providing for a 7% pay increase for education employees for the 2007-2008 fiscal year, “[ejach governing body or authority shall establish and maintain a salary schedule for each class and type of employee and each step of each salary schedule shall be increased to reflect” that pay increase. We note that that same provision is also set forth in §§ 16-22-13 to -13.4, each of which provides a pay increase for education employees for different fiscal years. The plaintiffs also contended that the defendants’ determination to provide a salary schedule with steps based on longevity for some employees while denying the same to support personnel was arbitrary.
The defendants, in support of their summary-judgment motion, contended that the statutes the plaintiffs referenced did not require them to create the type of salary schedule the plaintiffs sought. They argued that, although statutes providing legislatively mandated pay increases provided that certificated employees, such as teachers, were to be placed on salary schedules “according to degree earned and length of public education experience,” § 16-22-13.5(a)(1), there was no such requirement for noncertificated employees such as support personnel. The defendants argued that such legislative silence with regard to longevity pay for noncertificated employees demonstrated the legislature’s intent not to require longevity pay for those employees. With regard to the plaintiffs’ reliance on the reference in § 16-22-13.5(a)(2) to “each step of each salary schedule” for noncertificated employees, the defendants argued that that reference represented, “[a]t most, ... recognition that salary schedules can contain more than one step,” not that such steps were required in establishing salary schedules for support personnel.
On September 12, 2008, following a hearing on the cross-motions for a summary judgment, the trial court entered an order granting the plaintiffs’ motion and *327 denying the defendants’ motion. In pertinent part, the order read:
“1. Code of Alabama Section 16-22-10(f), 1975, provides that ‘each ... county board of education shall establish and maintain a written schedule for each class and type of employee.’ “2. The Defendants have defined ‘salary schedule’ to be a document that includes steps for longevity for certain support personnel, but as a written document with one salary amount and no longevity steps for others.
“3. The Defendants are hereby es-topped from using a different definition of ‘salary schedule’ for different jobs within the general category of support personnel.
“4. The Defendants must apply the same definition to all support personnel, and therefore establish a step system for all.
[[Image here]]
“Counsel shall provide the court with proposed orders in accordance with these findings which are necessary for the implementation of the court’s order.”
On October 3, 2008, the trial court entered a final judgment that read:
“The Court having found by separate Order, dated September 12, 2008, that the salary schedule with no step system used by the Washington County Board of Education does not comply with the requirements of Code of Alabama § 16-22 — 10(f), it is hereby further ordered as follows:
“1. The Defendants ... shall establish and maintain for all employees a salary schedule that includes a step system which provides for increases in salary based upon the employee’s length of service, specifically for the following job classifications within the general category of support/classified personnel:
“(a) Teacher Aide;
“(b) Bus Driver;
“(c) Teacher Aide/Bus Driver (Dual Position);
“(d) Vocational Technical Bus Driver;
“(e) Maids and Janitors (Custodians);
“(f) Maids and Janitors/Bus Drivers (Dual Positions);
“(g) Computer Technicians;
“(h) Computer Aide; and,
“(i) Any job classification which does not currently exist, but which may be created in the future and which is not a certified position!.]
“2. Prior to January 2009, the Board[3] shall meet and confer with the Washington County Education Association, the local employees’ professional organization, as required by Code of Alabama § 16-1-30, for the purpose of establishing and implementing salary schedules for the job classifications listed in Paragraph 1 herein; and,
“3. The Board[4] shall submit to the Court, no later than March 1, 2009, written salary schedules for the job classifications listed in Paragraph 1 herein for the Court’s review to ensure compliance with the Orders of this Court and implementation of the salary schedules, to be effective for the next employment contract year.”
The defendants filed a timely appeal to the supreme court. That court determined *328 that the appeal fell within this court’s appellate jurisdiction and, accordingly, transferred the appeal to this court.
The parties do not dispute the facts relevant to this appeal. “It is well established that this Court reviews a summary judgment de novo.... Moreover, ‘[wjhere the facts are not in dispute and we are presented with a pure question of law, as here, this Court’s review is de novo.’ ” Ex parte Hoover, Inc., 956 So.2d 1149, 1152-53 (Ala.2006) (quoting Christian v. Murray, 915 So.2d 28, 25 (Ala.2005)).
On appeal, the defendants make three primary contentions. They contend that the trial court’s order that they were to establish salary schedules for support personnel that included step raises for longevity was improperly based on the equitable defense of estoppel. They also contend that Alabama law does not require the implementation of the salary schedules mandated by the trial court. Finally, they contend that the plaintiffs’ action was barred by the doctrine of sovereign immunity. We address each of those contentions in turn.
The defendants argue that the trial court erred when, in its order of September 12, 2008, granting the plaintiffs’ summary-judgment motion and denying their summary-judgment motion, the trial court held that the defendants were “estopped” from applying different definitions of “salary schedule” to different categories of employees. They argue that the plaintiffs never pleaded estoppel as a basis on which to obtain the relief they sought. Moreover, they argue, even if the plaintiffs had pleaded estoppel, the plaintiffs were not entitled to relief on that basis because estoppel is an affirmative defense, not a cause of action, and because there was no evidence indicating that the plaintiffs relied to their detriment on a representation by the defendants, a prerequisite to the application of estoppel.
In its September 12, 2008, order, the trial court did not clearly articulate its basis for granting the plaintiffs’ summary-judgment motion and for denying the defendants’ summary-judgment motion. Although the tidal court used the word “estopped” when determining that the defendants would, in the future, be required to apply a salary structure that included steps based on longevity to all of its employees, it is not clear that the trial court was actually invoking the doctrine of equitable estoppel in resolving the case. The trial court’s order can also be interpreted as including a finding that the current salary structure put in place by the defendants for support personnel ran afoul of Alabama statutory law.
When a trial court’s judgment is ambiguous, this court, in resolving the ambiguity, may look to other documents in the record. See Reeder v. Reeder, 356 So.2d 202, 204 (Ala.Civ.App.1978) (“Where a judgment or decree is so obscure as to not clearly express the exact determination of the court, reference may be had to pleadings and other proceedings to which it refers, and it should be interpreted in light of the pleadings and the entire record.”). See also Ex parte Hidden Cove Outdoor Resort, Inc., 758 So.2d 521, 522-23 (Ala.1999) (resolving ambiguity in judgment by reference to later order from the trial court). In its October 3, 2008, final judgment, the trial court referred to its September 12, 2008, order and expressly noted that, in that order, it had determined that the salary structure of which the plaintiffs complained violated Alabama statutory law. Thus, to the extent that the September 12, 2008, order was ambiguous in its expression of the basis for its conclusion, the final judgment resolves that ambiguity in favor of a determination that the *329 salary structure utilized by the defendants for support personnel violated Alabama statutory law, not that the doctrine of equitable estoppel compelled the trial court’s judgment.
As to the second issue, whether the defendants’ salary structure for support personnel violates Alabama statutory law, the defendants contend that the trial court erred when it determined that they were required to establish a salary schedule for each type of employee that included salary steps based on length of service. They point out that the Random House Dictionary defines the term “schedule” as “a written or printed statement of details, often in classified or tabular form, especially one forming an appendix or explanatory addition to another document,”[5] and they imply that their current salary structure for support personnel meets that definition. The defendants also contend that the statutory requirement that certain legislatively mandated pay increases for support personnel contained in §§ 16-22-13 to -13.5 be applied to “each step” in the employees’ salary schedule does not require that such salary schedules actually include steps. Instead, they argue, the statutory language referencing steps “reflects a legislative assumption that takes into account the possibility that boards of education could have more than a single step in their salary schedules,” not that multiple steps were mandated by the legislature. The defendants also contend that, when §§ 16-22-13 to -13.5 are considered as a whole, “it is readily apparent that the Legislature has been well able and accustomed to imposing far more detailed salary schedule requirements than those that apply to plaintiffs when it is inclined to do so.” They argue that, in light of the fact that those statutes provide for salary schedules for teachers that include steps based on longevity, “legislative silence on the matter of longevity pay for support workers cannot be deemed to have been accidental” and that “the conspicuous omission of ... criteria [such as years of public education experience] with respect to support employees compels the conclusion that the Legislature consciously declined to mandate the same kind of salary schedule (and pay increase) criteria for support personnel” as it did for teachers.
Our supreme court has explained that “[t]he cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute.” Ex parte State Dep’t of Revenue, 683 So.2d 980, 983 (Ala.1996). Moreover, “ ‘the meaning of statutory language depends on context,’ and ..., as a result, statutes must be read as whole in order to ascertain the meaning and intent of each component.” Ex parte Master Boat Builders, Inc., 779 So.2d 192, 196 (Ala.2000) (quoting Ex parte Jackson, 614 So.2d 405, 406 (Ala.1993)).
Our review of the statutory provisions at issue, particularly §§ 16-22-13 to -13.5, leads us to conclude that the salary schedules that the legislature has mandated for support personnel must include multiple steps. As previously noted, subsection (a)(2) of each of those statutes provides that each local board of education “shall establish and maintain a salary schedule for each class and type of employee and each step of each salary schedule shall be increased to reflect” the particular percentage pay increase mandated by each statute. Although the word “schedule” is not defined in the statutes, the language employed in the statutes indicates a legislative intention that the re *330 quired schedules contain steps. We reach this conclusion because the language of the statutes reflects that it is “each step ” of each salary schedule for support personnel to which the mandated pay increase is to be applied. Under the plain meaning of the language of the statutes, an employee whose salary schedule does not include steps would not be entitled to the pay increase provided by the statute, because it is the steps within the employee’s salary schedule to which the mandated salary increases are to be applied. Simply put, the context of the statutes, and, particularly, the structure of the language they employ, requires the word “schedule” to mean more than what the defendants have provided for the plaintiffs in this case, i.e., more than a sheet of paper with a listing of jobs and a single salary amount listed next to each job. Instead, the statutes require that, for each job, the defendants must provide a schedule that includes multiple salary steps.
Even so, none of the statutes at issue in this case provide a basis for the trial court’s determination that the steps mandated for the salary schedules for support personnel must be based on the employee’s length of employment. Indeed, the statutes are entirely silent as to the criteria on which the steps are to be based; this silence is telling when one considers that the legislature has set forth in explicit detail the criteria to be applied to the steps contained in teachers’ salary schedules. Cf. Duncan v. Walker, 533 U.S. 167, 173, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (“It is well settled that ‘ “[wjhere Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.” ’ ” (quoting Bates v. United States, 522 U.S. 23, 29-30, 118 S.Ct. 285, 139 L.Ed.2d 215 (1997), quoting in turn Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983))). A requirement that the steps be based on longevity is not fairly inferable from the text of the statutes. Instead, it seems clear to us that the legislature vested local boards of education with the discretion to determine for themselves the criteria on which the steps contained in the salary schedules they are mandated to establish would be based. For the reasons discussed below, the trial court’s attempt to control the defendants’ discretion in this regard is barred by the defendants’ entitlement to sovereign immunity.
As previously noted, the defendants’ final contention is that they are completely immune from the plaintiffs’ claims based on the doctrine of sovereign immunity enshrined in Article I, § 14, Alabama Constitution 1901. Discussing that doctrine at length, our supreme court recently wrote:
“Section 14 provides generally that the State of Alabama is immune from suit: ‘[T]he State of Alabama shall never be made a defendant in any court of law or equity.’ This constitutional provision ‘has been described as a “nearly impregnable” and “almost invincible” “wall” that provides the State an unwaivable, absolute immunity from suit in any court.’ Ex parte Town of Lowndesboro, 950 So.2d 1203, 1206 (Ala.2006). Section 14 ‘specifically prohibits the State from being made a party defendant in any suit at law or in equity.’ Hutchinson v. Board of Trs. of Univ. of Alabama, 288 Ala. 20, 23, 256 So.2d 281, 283 (1971). Additionally, under § 14, State agencies are ‘absolutely immune from suit.’ Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003).
“Not only is the State immune from suit under § 14, but ‘[t]he State cannot be sued indirectly by suing an officer in *331 his or her official capacity....’ Lyons, 858 So.2d at 261. ‘Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State.’ Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004). To determine whether an action against a State officer is, in fact, one against the State, this Court considers
‘“whether “a result favorable to the plaintiff would directly affect a contract or property right of the State,” Mitchell [v. Davis, 598 So.2d 801, 806 (Ala.1992) ], whether the defendant is simply a “conduit” through which the plaintiff seeks recovery of damages from the State, Barnes v. Dale, 580 So.2d 770, 784 (Ala.1988), and whether “a judgment against the officer would directly affect the financial status of the State treasury,” Lyons [v. River Road Constr., Inc.], 858 So.2d [257] at 261 [ (Ala.2003) ].’
“Haley, 885 So.2d at 788. Additionally, ‘[i]n determining whether an action against á state officer is barred by § 14, the Court considers the nature of the suit or the relief demanded, not the character of the office of the person against whom the suit is brought.’ Ex parte Carter, 395 So.2d 65, 67-68 (Ala.1980).
“The immunity afforded State officers sued in their official capacities, however, is not unlimited:
“‘[Section 14] immunity from suit does not extend, in all instances, to officers of the State acting in their official capacity. Unzicker v. State, 346 So.2d 931 (Ala.1977). In limited circumstances the writ of mandamus will lie to require action of state officials. This is true where discretion is exhausted and that which remains to be done is a ministerial act. See Hardin v. Fullilove Excavating Co., Inc., 353 So.2d 779 (Ala.1977); Tennessee & Coosa R.R. Co. v. Moore, 36 Ala. 371 (1860). Action may be enjoined if illegal, fraudulent, unauthorized, done in bad faith or under a mistaken interpretation of law. Wallace v. Board of Education of Montgomery Co., 280 Ala. 635, 197 So.2d 428 (1967). If judgment or discretion is abused, and exercised in an arbitrary or capricious manner, mandamus will lie to compel a proper exercise thereof. The writ will not lie to direct the manner of exercising discretion and neither will it lie to compel the performance of a duty in a certain manner where the performance of that duty rests upon an ascertainment of facts, or the existence of conditions, to be determined by an officer in his judgment or discretion. See Barnes v. State, 274 Ala. 705, 151 So.2d 619 (1963).’ .
“McDowell-Purcell, Inc. v. Bass, 370 So.2d 942, 944 (Ala.1979).
“Moreover, certain causes of action are not barred by § 14:
“ ‘ “There are four general categories of actions which in Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act ... seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677. Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in their *332 representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law. Wallace v. Board of Education of Montgomery County, ... 280 Ala. [635] at 639, 197 So.2d 428 [ (1967) ]; Unzicker v. State, 346 So.2d 931, 933 (Ala.1977); Engelhardt v. Jenkins, 273 Ala. 352, 141 So.2d 193 (1962).” ’
“Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 58 (Ala.2006) (quoting Carter, 395 So.2d at 68) (emphasis omitted). These actions are sometimes referred to as ‘exceptions’ to § 14; however, in actuality these actions are simply not considered to be actions ‘ “against the State” for § 14 purposes.’ Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002). This Court has qualified those ‘exceptions,’ noting that ‘ “[a]n action is one against the [S]tate when a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the plaintiffs recovery of money from the [S]tate.” ’ Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 873 (Ala.2004) (quoting Shoals Cmty. Coll. v. Colagross, 674 So.2d 1311, 1314 (Ala.Civ.App.1995)) (emphasis added in Jones).”
Alabama Dep’t of Transp. v. Harbert Int’l, Inc., 990 So.2d 831, 839-40 (Ala.2008).
Although there had been indications to the contrary in earlier eases (see, e.g., Belcher v. Jefferson County Bd. of Educ., 474 So.2d 1063, 1065-66 (Ala.1985)), our supreme court made clear earlier this year, in Ex parte Hale County Board of Education, 14 So.3d 844, 848 (Ala.2009), that because county and city school boards are agencies of the State, not of the local government units they serve, they are entitled to the same absolute immunity as other agencies of the State. In Ex parte Hale County Board of Education, the court wrote:
“[W]e now reassert the absolute constitutional immunity of county boards of education.
“ ‘ “County boards of education are not agencies of the counties, but local agencies of the state, charged by the legislature with the task of supervising public education within the counties.” ’ Board of Sch. Comm’rs of Mobile County [v. Architects Group, Inc.], 752 So.2d [489,] at 491 [ (Ala.1999) ] (quoting Hutt [v. Etowah County Bd. of Educ.], 454 So.2d [973,] at 974 [ (Ala.1984) ]). ‘Under Ala. Const. of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state.’ Ex parte Tuscaloosa County, 796 So.2d 1100, 1103 (Ala.2000).
“ ‘For purposes of § 14 immunity, county boards of education are considered agencies of the State. Louviere v. Mobile County Bd. of Educ., 670 So.2d 873, 877 (Ala.1995) (“County boards of education, as local agencies of the State, enjoy [§ 14] immunity.”). Thus, this Court has held that county boards of education are immune from tort actions. See Brown v. Covington County Bd. of Educ., 524 So.2d 623, 625 (Ala.1988); Hutt v. Etowah County Bd. of Educ., 454 So.2d 973, 974 (Ala.1984).’
“Ex parte Jackson County Bd. of Educ., 4 So.3d 1099, 1102-03 (Ala.2008).
“Because county boards of education are local agencies of the State, they are clothed in constitutional immunity from suit....”
Ex parte Hale County Bd. of Educ., 14 So.3d at 848 (emphasis added).
*333 As set forth in Alabama Department of Transportation, supra, because the Board is entitled to sovereign immunity, there are only a limited number of bases on which its officials may be sued in their official capacities. Those bases include, among others, actions to compel the officials to perform their legal duties and actions seeking construction of a statute and its application in a given situation. The plaintiffs’ complaint indicates that them action against the defendants fits, at least to some extent, within both of those categories of actions against state officials. Specifically, they requested a declaration that the defendants were violating Alabama statutory law by failing to create separate salary schedules for each job classification and by failing to include salary steps in each salary schedule. They also requested that the trial court, by mandamus, require the defendants to perform what the plaintiffs asserted was the defendants’ legal duty to establish and maintain such salary schedules. Neither of those requests by the plaintiffs constitutes an action against the State for purposes of the sovereign-immunity bar of § 14. See House v. Jefferson State Cmty. Coll., 907 So.2d 424, 427-28 (Ala.2005); Vaughan v. Sibley, 709 So.2d 482, 485-87 (Ala.Civ.App.1997); and Breazeale v. Board of Trustees of the Univ. of South Alabama, 575 So.2d 1126, 1127-28 (Ala.Civ.App.1991), overruled on other grounds by Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867 (Ala.2004). Furthermore, as we held above, the trial court properly applied §§ 16-22-13 to -13.5 when it provided relief to the plaintiffs in the form of its injunction requiring the defendants to develop separate salary schedules for each of its categories of support personnel, with each schedule to include multiple steps.
However, the plaintiffs’ action strayed into the realm of the sovereign-immunity bar of § 14 by seeking a writ of mandamus directing the defendants to base the steps within each salary schedule on length of employment when, as noted above, Alabama law leaves to the discretion of local boards of education the basis for such salary steps. Indeed, we can envision a number of different and legitimate bases for salary steps that do not take account of an employee’s length of service. Because “ ‘[t]he writ [of mandamus] will not lie to direct the manner of exercising discretion’ ” and because it will not “ ‘lie to compel the performance of a duty in a certain manner where the performance of that duty rests upon an ascertainment of facts, or the existence of conditions, to be determined by an officer in his judgment or discretion,’ ” Alabama Dep’t of Transp., 990 So.2d at 840 (quoting McDowell-Purcell, Inc. v. Bass, 370 So.2d 942, 944 (Ala.1979)), the plaintiffs’ action, to the extent it seeks to compel the defendants to perform any task other than what is required of them by law, i.e., to create salary schedules that include steps, is barred by sovereign immunity. See also Ex parte Alabama State Bd. of Educ., 810 So.2d 773, 776 (Ala.2001) (action to require State Board of Education to exercise discretion in a particular manner barred by sovereign immunity). Simply put, although the trial court correctly held that state law requires the defendants to create a salary schedule with steps for each support employee, the defendants retain, under state law, the discretion to determine the criteria on which the steps are to be based. As a result, that portion of the trial court’s final judgment requiring the defendants to base the steps in the salary schedules they were ordered to establish on length of employment is due to be vacated as improperly controlling the exercise of the defendants’ discretion and thereby violating their immunity from suit under § 14.
For the foregoing reasons, we affirm that portion of the trial court’s judgment *334 holding that Alabama law requires the defendants to create separate salary schedules, each including multiple salary steps, for each category of support personnel that the Board employs and compelling the defendants to establish and maintain such salary schedules. We vacate as beyond the trial court’s jurisdiction that portion of the judgment setting forth the criteria on which the mandated salary steps are to be based, and we remand the cause.
AFFIRMED IN PART; JUDGMENT VACATED IN PART; AND REMANDED.
PITTMAN and THOMAS, JJ„ concur.
BRYAN, J., concurs specially.
MOORE, J., concurs in the result, without writing.

. By naming the defendants in their official capacities and not in their individual capacities, the plaintiffs’ action was against the positions that the defendants held, not against the defendants personally. See Rodgers v. Hopper, 768 So.2d 963, 968 n. 2 (Ala.2000) ("Rodgers sued Hopper and DeLoach in their official capacities; therefore, this lawsuit was, in effect, against their positions rather than against them personally.”).

. On April 16, 2008, the plaintiffs filed a motion for certification of a class identified as "[a]Il classified/support employees of the Washington County Board of Education who are compensated according to an annual sala *326 ry, which does not include step increases in salary, based on the employee’s length of service.” In their motion, the plaintiffs asserted that all the requirements for the certification of a class under Rule 23, Ala. R. Civ. P., were met. However, the plaintiffs did not amend their complaint to assert relief on behalf of a class. The trial court never ruled on the plaintiffs’ motion for class certification before it entered a final judgment. By the entry of the final judgment, which terminated the action in favor of the plaintiffs, the trial court implicitly denied the plaintiffs’ motion. See Williams v. Williams, 905 So.2d 820, 825 n. 4 (Ala.Civ.App.2004); and Jim Walter Res., Inc. v. Bentley, 560 So.2d 1072, 1073 (Ala.Civ.App.1990).
The plaintiffs do not contend in this appeal that the trial court's implicit denial of their class-certification motion was error. Indeed, following the entry of the final judgment, the parties purported to file a joint motion to withdraw the class-certification motion on the basis that the relief afforded by the final judgment made any reason to seek relief on behalf of a class moot. The trial court never ruled on that purported motion.

. An earlier reference in the trial court’s order indicated that, by its use of the term "Board,” it was referring to the defendants in the capacities in which the plaintiffs had sued them, i.e., in their official capacities.

. See note 3, supra,

. The defendants apparently obtained this definition from an Internet resource that could, on the date this opinion was released, be accessed at http://dictionary.reference.com.