160 So.2d 648

**OPINION OF THE JUSTICES.**

No. 180.

Supreme Court of Alabama.

Feb. 18, 1964.

It is with the utmost respect that we call to your attention the fact that members of this court are authorized to render ad-

visory opinions to the Governor only "on important constitutional questions."—§ 34, Title 13, Code 1940; In re Opinion of the Justices, 254 Ala. 177, 47 So.2d 655. So, however much is our inclination and desire to defer to the wishes of the Governor and give answers to the specific questions propounded, we must decline to do so.

This for the reason that in so far as we have been able to determine after a careful research of the laws which bear upon the duties, authority and responsibility of the State Board of Education of Alabama, we have found no law which is subject to the construction that the Legislature of Alabama has attempted to give to the said State Board of Education the authority to "place, assign and transfer pupils from one public school to another public school within a city or county school system"; or, "to transfer or reassign teachers from one public school to another public school within a city or county school system"; or, "to provide transportation for students to and from certain public schools within a city or county school system"; or, "to close public schools within a city or county school system"; or, "to order a city or county board of education to provide financial assistance to parents or guardians of students under the Grant-in-Aid Law of the State of Alabama."

In coming to this conclusion we have, of course, not overlooked the provisions of § 14, Title 52, Code 1940, which reads:

"The state board of education shall exercise, through the state superintendent of education and his professional assistants, general control and supervision over the public schools of the state, except the University, the Alabama Polytechnic Institute [Auburn University], and the Alabama College, and shall consult with and advise through its executive officer and his professional assistants, county boards of education, city and town boards of education, superintendents of schools, school trustees, attendance officers, principals, teachers, supervisors,

and interested citizens, and shall seek in every way to direct and develop public sentiment in support of public education."

However broad may be the powers of the State Board of Education, and certainly we do not herein attempt to define or delineate those powers, we think it clear that the authority to exercise general control and supervision over the county and city boards of education does not include the authority to exercise the powers and authority which the Legislature has specifically conferred upon such local boards.

We point out that in regard to the placement, assignment and transfer of pupils from one public school to another public school within a city or county school system, the Legislature of Alabama has conferred such authority on the city and county boards of education, referred to as the "local boards of education." See §§ 3 and 4 of the Act which became effective on August 26, 1957, without the approval of the Governor, Acts of Alabama 1957, Regular Session, Vol. 1, p. 483.

In regard to the authority to transfer or reassign teachers from one public school to another public school within a city or county school system, it is conferred upon local boards of education by the provisions of § 6 of the Act which became effective on August 26, 1957, without the approval of the Governor, Acts of Alabama, 1957, Regular Session, Vol. 1, p. 483.

Relative to the right to close public schools within a city or county school system, the Legislature of Alabama has conferred that right on local boards of education under the terms and provisions of §§ 1, 2 and 3 of Act No. 528, which became effective without the approval of the Governor on September 16, 1957, General Acts of Alabama, Regular Session 1957, p. 723. Such was the view of the individual Justices of this court expressed in In re Opin-

ions of the Justices, 275 Ala. 547, 156 So. 2d 639, where we said:

"* * * Without undertaking an exhaustive study of the legislative acts which provide for school operation, we are of opinion that the authority to open and close schools is placed in the local school board which operates the school, subject, perhaps to some supervision by the state board." (156 So. 2d, 642)

 It is apparent from a reading of In re Opinion of the Justices, 275 Ala. 547, 156 So.2d 639, that it was the opinion of the Justices that the words, "each board of education," as used in Act No. 528, *supra*, referred to local boards of education and, consequently, it must follow that the authority to award grants in aid to certain school children is vested in the local boards of education, that is, the county and city boards of education rather than in the state board of education.

In regard to the powers and authority to furnish, direct and control the transportation of pupils, certain it is that no such authority is specifically conferred upon the state board of education and as to those students within the jurisdiction of county boards of education, it is reasonable to infer that the Legislature intended that the matter of transportation of pupils in that system should come under the control and authority of the county board of education, inasmuch as the Legislature saw fit to provide that one of the factors to be considered by local boards in the matter of assignment and transfer of pupils from one school to another was dependent upon "the availability of transportation facilities." See § 4 of the Act which became effective on August 26, 1957, without the approval of the Governor, Acts of Alabama 1957, p. 483. As to city boards of education, the Legislature has expressly placed upon the city boards of education the authority to purchase school busses when in the opinion of the city boards of education they are necessary to the proper conduct of the educational activities under the jurisdiction of the city boards of education.—Act No. 885, approved September 19, 1953, Acts of Alabama 1953, p. 1191.

It necessarily follows from the laws referred to above that the authority and power which you assume in your requests for opinion to be in the State Board of Education is not in that Board, but in the so-called local boards. Hence, no constitutional question is presented by your inquiries.

Respectfully submitted,
J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
JOHN L. GOODWYN
PELHAM J. MERRILL
JAMES S. COLEMAN, Jr.
ROBERT B. HARWOOD
Justices.