This appeal arises from an action for wrongful death of a 6-year-old child who was struck and killed by a school bus owned and operated by the Enterprise City Board of Education. The Board filed a motion for summary judgment claiming immunity from suit. The trial court denied the motion but certified its interlocutory order to allow this appeal pursuant to ARAP 5.
The sole issue presented is whether city boards of education are subject to suit in tort actions after this court's decision in Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68
(1975), as the plaintiff contends, or whether they are immune from such suits as county boards of education were held to be in Sims v. Etowah County Board of Education, Ala.,337 So.2d 1310 (1976).
Jackson was based upon this court's construction of Title 37, §§ 502-504. We held there that the legislature had removed the common law immunity as to municipalities and that the court had erroneously interpreted those legislative acts.
It is quite clear that Jackson and Lorence v. Hospital Boardof Morgan County, 294 Ala. 614, 320 So.2d 631 (1975), are based upon legislative interpretation. The court recognized in both of these cases, and in subsequent ones, that the legislature is the appropriate body to make policy in the field of governmental immunity; and, unless contrary to the constitution, it is our function to uphold the legislative will in areas appropriate for its action. The holding in Sims, supra, that a county board of education was immune to suits in tort because of the absence of statutory authorization for such suits, was based upon recognition of the legislature's prerogative in this field.
City boards of education are authorized by the legislature. Title 52, § 148, et seq.
Like county school boards, they are agencies of the state, empowered to administer public education within the cities. As such, a city school board is not a subdivision or agency of the municipal government. Opinion of the Justices, 276 Ala. 239,160 So.2d 648 (1964). A city school board's relation to the city is analogous to a county school board's relation to the county. State v. Brandon, 244 Ala. 62, 12 So.2d 319 (1943).
There is no mention in the statutes under which city school boards are created of the ability to be sued. Title 52, § 168, allows a city school board to institute condemnation proceedings. The only other statute which refers to litigation at all is Title 52, § 161, which provides: *Page 784 
 "The city board of education shall have the full and exclusive rights within the revenue appropriated for such purposes, or accruing to the use of the public schools, to purchase real estate, furniture, appropriated libraries, fuel and supplies for the use of the schools, and to sell the same, and to make expenditures for the maintenance and repairs of the school grounds, buildings and other property, to establish and build new schools, to superintend the erection thereof, to purchase sites therefor, to make additions, alterations and repairs to the building and other property erected for school uses, and to make necessary and proper notes, contracts and agreements in relation to such matters. All such contracts shall inure to the benefit of the public schools, and any suit in law or equity brought upon them and for the recovery and protection of money and property belonging to and used by the public schools, or for damages, shall be brought by and in the name of the city."
It is clear, therefore, that there is no express language in the legislation which would allow a tort action against a city school board. Neither is there language from which legislative intent to allow such actions may be inferred. To the contrary, the legislation seems clearly to deny such suits.
The holding here is not a departure from Jackson v. City ofFlorence. That decision simply has no application to a city school board because they are not agencies of the municipality.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER and ALMON, JJ., concur.