380 So.2d 913 (1980)
JEFFERSON COUNTY BOARD OF EDUCATION
v.
ALABAMA BOARD OF COSMETOLOGY, and Billie K. Jehle.
Civ. 1909 and Civ. 2024.
Court of Civil Appeals of Alabama.
February 20, 1980.
Carl E. Johnson, Jr. of Bishop, Sweeney & Colvin, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., Mary Jane LeCroy, Asst. Atty. Gen., for appellees.
BRADLEY, Judge
This appeal involves two cases which were consolidated because they present substantially the same issues.
The first case is an appeal from the denial of a declaratory judgment against the Alabama Board of Cosmetology (Cosmetology Board). The Jefferson County Board of Education (County Board) sought the declaration to establish its authority to teach cosmetology to persons in the tenth grade and adults despite regulations promulgated by the Board of Cosmetology to the contrary. The trial court granted the Board of Cosmetology's motion for summary judgment. The Cosmetology Board then filed a motion to enlarge the original order to ensure compliance with the court's judgment.
*914 The court granted the motion to enlarge and the County Board filed its notice of appeal on the same day.
After receiving the court's order granting the Cosmetology Board's motion to enlarge the original order, the County Board filed a motion to set aside the order and a motion to stay execution of the judgment pending appeal. In response the Cosmetology Board filed a petition for supplemental relief and a complaint seeking permanent injunctive relief. The County Board's motion to set aside the order was denied after a hearing. The County Board's motion to stay execution of the judgment was consolidated and set for final hearing with the Cosmetology Board's complaint for permanent injunctive relief.
This resulted in a second case, wherein the trial court denied the County Board's motion for a stay of execution and permanently enjoined the County Board from teaching cosmetology to students that have not received a license and registered with the Alabama Board of Cosmetology. The County Board has also appealed this decision.
The Cosmetology Act was enacted by the legislature in 1961 to provide for the regulation of cosmetology in the State of Alabama. The Board of Cosmetology was created by the Act and charged with the licensing of students, teachers and schools of cosmetology as well as practicing cosmetologists. The Board promulgated admission regulations, standard curriculum requirements, and a prerequisite number of hours of cosmetology instruction for students who desired to take the cosmetology exam. Jefferson County was exempted from the provisions of the Act until 1977. However, the Cosmetology Act has contained the following exemption since its enactment in 1961:
[T]his chapter shall not apply to the teaching or practice of cosmetology in training public school or trade school pupils. Code of Alabama 1975, § 34-7-24.
In 1973 the Board of Cosmetology and the State Board of Education promulgated a joint resolution to require:
All public schools or trade schools offering cosmetology as defined in the Cosmetology Act shall meet the minimum requirements and specifications provided in the Alabama Cosmetology Act and the rules and regulations promulgated by the Board of Cosmetology with respect to curriculum, physical facilities, teacher qualifications and student requirements prior to enrollment.
An amendment to the Cosmetology Act, Act No. 668, Acts of Alabama 1977, deleted language which had exempted counties with a population greater than six hundred thousand (Jefferson County) from the operation of the general statutory scheme for the regulation of cosmetology. The 1977 act applied "to all counties." Prior to this amendment the Jefferson County Board of Education had offered instruction in the field of cosmetology to high school students in the tenth, eleventh and twelfth grades and to adults.
The sole issue for our determination is whether the Cosmetology Board can regulate the cosmetology instruction program offered in Jefferson County schools.
The Cosmetology Board contends that the 1973 joint resolution promulgated by the Cosmetology Board and the State Board of Education gave it the authority to regulate cosmetology classes in Jefferson County schools. We wish to point out here that the State Board of Education is not a party to this proceeding and is, therefore, not attempting to enforce its regulation. The Board of Cosmetology is, in reality, attempting to enforce the State Board of Education's regulation.
The County Board argues in opposition that § 34-7-24, Code of Alabama 1975, exempts public schools from certain provisions of the Cosmetology Act and therefore the Cosmetology Board is without authority to regulate the teaching or training of cosmetology to students in the Jefferson County public schools. We are compelled to agree with the County Board.
Where a statute is unambiguous, it will be given its plain meaning. Quick v. *915 Utotem of Alabama, Inc., Ala.Civ.App., 365 So.2d 1245 (1979).
Section 34-7-24 provides in no uncertain terms that the Cosmetology Act is not to apply to the teaching of cosmetology in public schools. Consequently, the resolution relied on by the Board of Cosmetology cannot give it the authority to regulate the teaching of cosmetology in the public schools. Otherwise, the clear pronouncement of the proviso contained in § 34-7-24 would be nullified.
Rules and regulations and administrative action cannot subvert nor enlarge upon statutory policy. Alabama State Board of Optometry v. Busch Jewelry Co., 261 Ala. 479, 75 So.2d 121 (1954).
The Cosmetology Board cannot be allowed to do indirectly that which it is specifically prohibited from doing directly, i. e. it cannot regulate the teaching of cosmetology in the public schools of Alabama by the authority of a rule promulgated by the State Board of Education where the legislature has specifically said that such schools are exempt from regulation by the Cosmetology Board. However, we are not to be understood as holding that the State Board of Education may not establish minimum course requirements for the training of public school students in the field of cosmetology.
The judgments of the trial court in both cases are reversed and the cause remanded for entry of judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., concurs.
HOLMES, J., concurs specially.
HOLMES, Judge (concurring specially).
I concur in the majority opinion authored by Judge Bradley. For interested parties and for whatever benefit, if any it might be, I express the following:
If the State Board of Education, in this instance, were attempting to ensure that the Jefferson County Board of Education complied with the 1973 joint resolution, a different result would, in my opinion, be reached. As I view the law, the State Board, under its general powers conferred by §§ 16-3-1, et seq., Code of Ala. 1975, has the prerogative to enter into such a resolution as is before the court in this case.
The State Board possesses broad power to control and supervise the public schools of the state and advise county boards of education. § 16-3-11. It may investigate the educational needs of the state, § 16-3-17, and prescribe the minimum contents of courses of study. § 16-3-15. It may make such rules and regulations as will give full force and effect to any or all of its provisions. § 16-3-13.
Thus, it has been held that the State Board has authority to exercise general control and supervision over county boards of education. See, Opinion of the Justices, 276 Ala. 239, 160 So.2d 648 (1964); Keller v. State Board of Education, 236 Ala. 400, 183 So. 268 (1938).
However, the State Board is not a party in the instant appeal. Rather, it is the Board of Cosmetology seeking enforcement of the resolution against the County Board. This, as indicated, is not proper. Put another way, the State Board, in appropriate circumstances, has the statutory authority to prescribe a course of study in the public schools of this state. The Board of Cosmetology, because of the clear dictates of § 34-7-24, does not.