HOLMES, Judge.
This is a tax case.
The taxpayer, Shellcast Corporation, filed a petition for a writ of mandamus or declaratory judgment in the Circuit Court of Montgomery County seeking a refund on tax allegedly paid on exempt utility usage. Thereafter, the learned trial judge granted on the pleadings the Department of Revenue’s motion for summary judgment. Shellcast now appeals and we must reverse.
The pertinent facts are these:
Shellcast is a manufacturer which uses electricity and natural gas. Section 40-21-82, Ala.Code (1975), levies a tax on the gross receipts from the furnishing of utility services in the state. It is undisputed that Shellcast furnishes utility services in the way of electricity and natural gas. However, § 40-21-83, Ala.Code (1975), provides for exemptions from tax on certain conditions.
“There are hereby specifically excluded from the gross receipts or gross sales of a utility, upon which the tax herein levied is calculated, all portions thereof derived from the following:

“(5) The furnishing of electricity, to a manufacturer or compounder for use in an electrolytic or electrothermal manufacturing or compounding process;

“(7) The furnishing of natural gas to be used by a manufacturer or compound-er to chemically convert raw materials prior to the use of such converted raw materials in an electrolytic or electrother-mal manufacturing or compounding process;”
Ala.Code § 40-21-83 (1975).
Undeniably part of the utility services furnished by Shellcast falls within the above exemptions. However, the Department has promulgated a rule in regard to the assessment of the tax on utility services. Pertinently, the rule reads:
“Any person engaged or continuing in the business of furnishing taxable and nontaxable utility services to a customer shall pay the tax required on the taxable services furnished when his books are kept so as to show separately the taxable utility services furnished and the nontaxable utility services furnished. When his books are not so kept, he shall pay tax on the total gross receipts of all utility services furnished. This would require *421 separate meters for taxable and nontaxable services furnished — estimates will not be acceptable.”
Department of Rev.Rule 810-6-5-.26 (emphasis supplied).
Shellcast did not have separate meters for the taxable and nontaxable services furnished. Consequently, the Department levied a tax on the total gross receipts of the services.
After the Department moved for summary judgment on the pleadings, Shellcast filed an affidavit seeking to show that it could prove how much of the services were exempt.
The trial court granted summary judgment finding, in effect, that as a matter of law Shellcast could not prevail without “separate meters” for the taxable and nontaxable services furnished.
On appeal, Shellcast contends that the trial court’s interpretation of the Revenue Department’s rule regarding separate meters is too strict and that it [Shellcast] should be given the opportunity to prove the amount of nontaxable usage by alternate methods.
“A party moving for summary judgment has the burden of clearly showing that the non-moving party cannot recover under any discernible set of circumstances and that there is no genuine issue as to any material fact.... The moving party must be entitled to the summary judgment as a matter of law.... All reasonable inferences concerning issues of material fact are to be drawn in favor of the non-movant.”
Missildine v. Avondale Mills, Inc., 415 So.2d 1040, 1041 (Ala.1981) (Citations omitted).
In State v. Ludlam, 384 So.2d 1089 (Ala.Civ.App.), cert. denied, 384 So.2d 1094 (Ala.1980), this court was faced with a somewhat similar situation. In Ludlam the taxpayer failed to keep books and records of tax exempt services as required by Department of Revenue Regulations. This court affirmed the trial court’s decision that other methods of proof could be employed to determine the amount of nontaxable services. In Ludlam the taxpayer did have adequate alternative methods of proving the amount of nontaxable services.
In the case at bar, the “separate meter” regulation appears to be too restrictive when read in light of Ludlam and, most importantly, in light of the exemption statute. Administrative rules and regulations cannot subvert nor enlarge upon statutory policy. Alabama State Board of Optometry v. Busch Jewelry Co., 261 Ala. 479, 75 So.2d 121 (1954); Jefferson Co. Board of Education v. Alabama Board of Cosmetology, 380 So.2d 913 (Ala.Civ.App.1980).
Apparently, the thrust of the regulation is that the State is not required to rely on verbal assertions or estimations of the taxpayer in determining the correctness of the tax. This is quite permissible. State v. Ludlam, supra.
It may be that separate meters are the only way to determine accurately the amount of nontaxable services; we do not decide that question. However, considering the attendant presumptions regarding summary judgment, we believe it was reversible error for the trial court to grant summary judgment.
As indicated, Shellcast presented an affidavit that offered to show that the exempt services could be determined by another method. This presents a genuine issue of material fact. Shellcast should be given the opportunity to present evidence on this allegation. State v. Ludlam, supra. It may well be that Shellcast cannot adequately meet its burden. Be that as it may, in view of State v. Ludlam, 384 So.2d 1089 (Ala.Civ.App.1980), § 40-21-83, Ala.Code (1975), and the law on summary judgment it was error to grant summary judgment holding, in effect, that taxpayer could not recover as a matter of law without separate meters.
This case is reversed and remanded.
REVERSED AND REMANDED.
*422 BRADLEY, J., concurs.
WRIGHT, P.J., dissents.