STUART, Justice.
The Phenix City Board of Education (“the Board”) petitions this Court for writs of mandamus directing the Russell Circuit Court to vacate its orders denying the Board’s motion to dismiss the actions filed against it by Alaysia Randolph, a minor, by and through her next friends and parents, Samuel Randolph and Wanda Randolph (case no. CV-10-206); Kenyetta King, a minor, by and through her next friend and parent, Olitha King (case no. CV-10-208); and Eric Robinson, Nyesha Robinson, Nasia Robinson, and Nadia Robinson, minors, by and through their next friend and parent, Jackie Woods, and Tamor Woods, a minor, by and through his parents and next friends, Jackie Woods and Christopher Woods (case no. CV-10-204), and to enter orders dismissing with prejudice the claims against the Board. We grant the petitions and issue the writs.

Factual Background and Procedural History

On March 2, 2010, Kimberly Sue Mon-tee, an employee of the Board, was driving a school bus. Alaysia Randolph, Kenyetta King, and Eric Robinson, Nyesha Robinson, Nasia Robinson, Nadia Robinson, and Tamor Woods (“the Woods minors”) were passengers on the school bus when it was involved in an accident with a stationary vehicle. Randolph, King, and the Woods minors filed separate complaints against the Board and Montee, alleging against the Board claims of negligent entrustment, against Montee claims of negligence and wantonness, and against the Board and Montee claims of loss of services asserted by the parents.
On September 21, 2010, the Board moved to dismiss the claims asserted against it, arguing that it was immune from suit pursuant to Art. I, § 14, Ala. Const. 1901. On September 28, 2010, the court denied the Board’s motions to dismiss. The Board petitions this Court for writs of mandamus directing the Russell Circuit Court to vacate the September 21, 2010, orders denying the Board’s motions to dismiss and to enter orders dismissing the claims against the Board with prejudice..

Standard of Review

“ ‘ “ ‘The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt *59 that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’ ” ’
“Ex parte Troy Univ., 961 So.2d 105, 108 (Ala.2006) (quoting Knox v. Western World Ins. Co., 893 So.2d 321, 322 (Ala.2004), quoting in turn Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993)). ‘A ruling on a motion to dismiss is reviewed without a presumption of correctness.’ Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala.2003).
“ ‘When a motion for judgment on the pleadings is made by a party, “the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law.” B.K.W. Enters., Inc. v. Tractor & Equip. Co., 603 So.2d 989, 991 (Ala.1992). See also Deaton, Inc. v. Monroe, 762 So.2d 840 (Ala.2000). A judgment on the pleadings is subject to a de novo review. Harden v. Ritter, 710 So.2d 1254, 1255 (Ala.Civ.App.1997). A court reviewing a judgment on the pleadings accepts the facts stated in the complaint as true and views them in the light most favorable to the nonmoving party. Id. at 1255-56.’
“Universal Underwriters Ins. Co. v. Thompson, 776 So.2d 81, 82-83 (Ala.2000).
“‘It is well established that mandamus will he to compel a dismissal of claim that is barred by the doctrine of sovereign immunity.’ Ex parte Blankenship, 893 So.2d 303, 305 (Ala.2004).
“ ‘A writ of mandamus is a
“ ‘ “drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” ’
“Ex parte Wood, 852 So.2d 705, 708 (Ala.2002) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)).
[[Image here]]
“ ‘ “[I]f an action is an action against the State within the meaning of § 14, such a case ‘presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent.’ ” Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004) (quoting Patterson v. Gladwin Corp., 835 So.2d 137, 142-43 (Ala.2002)). “Therefore, a court’s failure to dismiss a case for lack of subject-matter jurisdiction based on sovereign immunity may properly be addressed by a petition for the writ of mandamus.” Ex parte Alabama Dep’t of Mental Health & Retardation, 837 So.2d 808, 810-11 (Ala.2002).’
“Ex parte Davis, 930 So.2d 497, 499-500 (Ala.2005).”
Ex parte Lawley, 38 So.3d 41, 44-45 (Ala.2009).

Discussion

The Board contends that it is not subject to tort actions against it alleging negligent entrustment and asserting claims of loss of services because, it says, it is entitled to absolute immunity and it cites Art. I, § 14, Ala. Const. 1901. In Enterprise City Board of Education v. Miller, 348 So.2d 782 (Ala.1977), this Court held that city boards of education were immune from civil actions. We stated:
“City boards of education are authorized by the legislature. Title 52, Section *60 148, et seq. [now § 16-11-1 et seq., Ala Code 1975].
“Like county school boards, they are agencies of the state, empowered to administer public education within the cities. As such, a city school board is not a subdivision or agency of the municipal government. Opinion of the Justices, 276 Ala. 239, 160 So.2d 648 (1964). A city school board’s relation to the city is analogous to a county school board’s relation to the county. State v. Brandon, 244 Ala. 62, 12 So.2d 319 (1943).
“There is no mention in the statutes under which city school boards are created of the ability to be sued. Title 52, section 168 [now § 16-11-13], allows a city school board to institute condemnation proceedings. The only other statute which refers to litigation at all is Title 52, section 161 [now § 16-11-12], which provides:
“‘The city board of education shall have the full and exclusive rights within the revenue appropriated for such purposes, or accruing to the use of the public schools, to purchase real estate, furniture, appropriate libraries, fuel and supplies for the use of the schools, and to sell the same, and to make expenditures for the maintenance and repairs of the school grounds, buildings and other property, to establish and build new schools, to superintend the erection thereof, to purchase sites therefor, to make additions, alterations and repairs to the building and other property erected for school uses, and to make necessary and proper notes, contracts and agreements in relation to such matters. All such contracts shall inure to the benefit of the public schools, and any suit in law or equity brought upon them and for the recovery and protection of money and property belonging to and used by the public schools, or for damages, shall be brought by and in the name of the city.’
“It is clear, therefore, that there is no express language in the legislation which would allow a tort action against a city school board. Neither is there language from which legislative intent to allow such actions may be inferred. To the contrary, the legislation seems clearly to deny such suits.”
348 So.2d at 783-84.
City boards of education are local agencies of the State; therefore, they enjoy constitutional immunity from tort actions alleging negligent entrustment and asserting claims of loss of services. Enterprise City Bd. of Educ., supra; Bessemer Bd. of Educ. v. Tucker, 999 So.2d 957, 962 (Ala.Civ.App.2008) (noting that, because city boards of education are agencies of the State, they enjoy immunity from suit to the extent authorized by the legislature and further noting, as an example, that, because city boards of education are authorized to contract, they may sue and be sued on those contracts). Accordingly, the claims against the Board of negligent en-trustment and asserting loss of services on behalf of the parents are barred by Art. I, § 14, Ala. Const. 1901.

Conclusion

Because the Board has demonstrated that under Art. I, § 14, Ala. Const. 1901, it has absolute immunity from suit on the negligent-entrustment and loss-of-services claims asserted against it, the Board has established a clear legal right to have the claims against it dismissed with prejudice. Therefore, we grant the Board’s petitions and issue writs directing the Russell Circuit Court to vacate its orders denying the Board’s motions to dismiss and enter orders dismissing with prejudice the claims asserted against the Board.
*61 PETITIONS GRANTED; WRITS ISSUED.
COBB, C.J., and LYONS, BOLIN, and MURDOCK, JJ., concur.