WOODALL, Justice.
The Phenix City Board of Education (“the Board”) seeks mandamus relief from the Russell Circuit Court’s denial of the Board’s motion to dismiss or, in the alternative, for a summary judgment on claims brought against it by The Lisle Company, Inc. (“Lisle”). Because the Board is immune from suit pursuant to § 14, Ala. Const.1901, we grant the Board’s petition and issue the writ.
In October 2007, Lisle contracted with the Board to construct a facility known as “The New Central High Freshman Academy.” Controversies arose between Lisle and the Board during construction. According to the Board, Lisle refused to cure to the Board’s satisfaction defects identified by the project architect. In June 2010, the Board notified Lisle that the contract was being terminated. The Board also made a demand on Berkley Regional Insurance Company, which was acting as surety for Lisle, for completion of the work. The Board argues that negotiations for completion of the work continue, but that, as of the filing of this petition, the Board has not fully accepted the work on the project. The Board also alleges that the parties have not reached an agreement as to whether the Board owes Lisle money or whether Lisle owes the Board money. Lisle, however, contends that it “performed the contract properly and that the Board has failed and refused to pay amounts remaining ... [under] the contract.” Lisle’s brief, at iv.
In June 2011, Lisle sued the Board and the project architect, alleging claims of breach of contract and quantum meruit. The Board moved the circuit court to dismiss the claims against it or, in the alternative, to enter a summary judgment in the Board’s favor, arguing that the Board is a State agency and, therefore, is entitled to immunity pursuant to § 14, Ala. Const. 1901. After a hearing, the circuit court denied the Board’s motion. The Board has petitioned this Court for mandamus relief from that order.
This Court recently stated:
“Section 14, Ala. Const.1901, provides ‘[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.’ It is well settled in Alabama that ‘[l]ocal school boards are agencies of the State, not of the local governmental units they serve, and they are entitled to the same absolute immunity as other agencies of the State.’ ”
Ex parte Montgomery County Bd. of Educ., 88 So.3d 837, 841 (Ala.2012) (quoting Ex parte Bessemer Bd. of Educ., 68 So.3d 782, 789 (Ala.2011)). This Court has also stated that, “[l]ike county school boards, [city boards of education] are agencies of the state, empowered to administer public education within the cities,” Enterprise City Bd. of Educ. v. Miller, 348 So.2d 782, 783 (Ala.1977), and that “city boards of education [are] immune from civil actions.” Ex parte Phenix City Bd. of Educ., 67 So.3d 56, 59 (Ala.2011) (citing Miller).
Lisle concedes that the Board is a State agency and that it is immune from suit on tort claims and claims of breach of an implied contract. However, Lisle argues that § 14 immunity does not, and should not, apply to the express contractual obligations vcluntarily undertaken by the Board in this case. However, our caselaw supports no such distinction.
“It is well established that the State and its agencies have absolute immunity from suit, not simply immunity from certain claims. That is the plain meaning of § 14 (‘the State of Alabama shall *633 never be made a defendant in any court’). See also Mitchell v. Davis, 598 So.2d 801, 806 (Ala.1992) (‘The State and its agencies have absolute immunity from suit in any court under [§ 14].’).... For actions against the State or one of its agencies, there are no exceptions....”
Alabama Dep’t of Corr. v. Montgomery Cnty. Comm’n, 11 So.3d 189, 194 (Ala.2008).
As an agency of the State, the Board has a clear legal right under § 14 to absolute immunity from suit. Therefore, we grant the Board’s petition and instruct the circuit court to dismiss the claims against the Board.
PETITION GRANTED; WRIT ISSUED.
MALONE, C. J., and MURDOCK and MAIN, JJ., concur.
BOLIN, J., concurs specially.