PARKER, Justice.
The Bessemer City Board of Education (“the Board”) and Davis Middle School (“the school”) (hereinafter collectively referred to as “the petitioners”) petition this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its May 17, 2013, order denying the petitioners’ motion to dismiss the claim filed against them by John Doe, a minor, by and through his next friend, W.A. (“Doe”), and to enter an order dismissing with prejudice the claim against the petitioners. We grant the petition and issue the writ.

Facts and Procedural History

On March 8, 2013, Doe filed a complaint alleging a single claim of negligence against the petitioners and Albert Soles, the principal of the school, in his individual capacity. The complaint alleged that Doe had been sexually abused by an unidentified male as a result of the negligence of the petitioners and Soles to adequately supervise him.
On April 15, 2013, the petitioners filed a motion to dismiss the action against them based on immunity grounds.[1] Specifically, the petitioners argued that the Board is entitled to State immunity under Art. I, § 14, Ala. Const.1901, and that the school is not a separate legal entity from the Board. On May 17, 2013, the circuit court denied the petitioners’ motion.
The petitioners seek a writ of mandamus from this Court directing the circuit court to vacate its May 17, 2013, order denying the petitioners’ motion to dismiss and to enter an order dismissing with prejudice Doe’s action against the petitioners.

Standard of Review

“ ‘ “It is well established that mandamus will lie to compel a dismissal of [a] claim that is barred by the doctrine of sovereign immunity.” Ex parte Blankenship, 893 So.2d 303, 305 (Ala.2004).
“ ‘ “A writ of mandamus is a
“ ‘ “ ‘drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ ”
‘“Ex parte Wood, 852 So.2d 705, 708 (Ala.2002) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)).
[[Image here]]
“ ‘ “ ‘[I]f an action is an action against the State within the meaning of § 14, such a ease “presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent.” ’ Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004) (quoting Patterson v. Gladwin Corp., 835 So.2d 137, 142-43 (Ala.2002)). ‘Therefore, a court’s failure to dismiss a case for lack of subject-matter jurisdiction based on sovereign immunity may properly be addressed by a petition for the writ of mandamus.’ Ex parte Alabama Dep’t of Mental Health & Retardation, 837 So.2d 808, 810-11 (Ala.2002).”
“ ‘Ex parte Davis, 930 So.2d 497, 499-500 (Ala.2005).’ ”
Ex parte Phenix City Bd. of Educ., 67 So.3d 56, 58-59 (Ala.2011) (quoting Ex *728 parte Lawley, 38 So.3d 41, 44-45 (Ala.2009)).

Analysis

The petitioners argue that Doe’s negligence claim against them is due to be dismissed because, they argue, the Board is entitled to State immunity under Art. I, § 14, Ala. Const.1901, and the school is not a separate legal entity from the Board. We agree.
In Phenix City, supra, a city board of education was sued separately by several minors, who, by and through their next friends, asserted various tort claims against the city board. In each case, the city board of education filed a motion to dismiss the tort claims filed against it based on the doctrine of State immunity; the trial court denied the city board of education’s motions to dismiss. The city board of education then petitioned this Court for writs of mandamus directing the trial court to vacate its orders denying the city board of education’s motions to dismiss and to enter orders dismissing with prejudice the tort claims asserted against the city board of education. In granting the city board of education’s petitions for writs of mandamus, this Court stated:
“In Enterprise City Board of Education v. Miller, 348 So.2d 782 (Ala.1977), this Court held that city boards of education were immune from civil actions. We stated:
“ ‘City boards of education are authorized by the legislature. Title 52, Section 148, et seq. [now § 16-11-1 et seq., Ala Code 1975].
‘“Like county school boards, they are agencies of the state, empowered to administer public education within the cities. As such, a city school board is not a subdivision or agency of the municipal government. Opinion of the Justices [No. 180 ], 276 Ala. 239, 160 So.2d 648 (1964). A city school board’s relation to the city is analogous to a county school board’s relation to the county. State v. Brandon, 244 Ala. 62,12 So.2d 319 (1943).
“ ‘There is no mention in the statutes under which city school boards are created of the ability to be sued. Title 52, section 168 [now § 16-11-13], allows a city school board to institute condemnation proceedings. The only other statute which refers to litigation at all is Title 52, section 161 [now § 16-11-12], which provides:
“ ‘ “The city board of education shall have the full and exclusive rights -within the revenue appropriated for such purposes, or accruing to the use of the public schools, to purchase real estate, furniture, appropriate libraries, fuel and supplies for the use of the schools, and to sell the same, and to make expenditures for the maintenance and repairs of the school grounds, buildings and other property, to establish and build new schools, to superintend the erection thereof, to purchase sites therefor, to make additions, alterations and repairs to the building and other property erected for school uses, and to make necessary and proper notes, contracts and agreements in relation to such matters. All such contracts shall inure to the benefit of the public schools, and any suit in law or equity brought upon them and for the recovery and protection of money and property belonging to and used by the public schools, or for damages, shall be brought by and in the name of the city.”
“ ‘It is clear, therefore, that there is no express language in the legislation which would allow a tort action against a city school board. Neither is there language from which legisla *729 tive intent to allow such actions may be inferred. To the contrary, the legislation seems clearly to deny such suits.’
“348 So.2d at 783-84.
“City boards of education are local agencies of the State; therefore, they enjoy constitutional immunity from tort actions alleging negligent entrustment and asserting claims of loss of services. Enterprise City Bd. of Edue., supra; Bessemer Bd. of Educ. v. Tucker, 999 So.2d 957, 962 (Ala.Civ.App.2008) (noting that, because city boards of education are agencies of the State, they enjoy immunity from suit to the extent authorized by the legislature ...). Accordingly, the claims against the Board of negligent entrustment and asserting loss of services on behalf of the parents are barred by Art. I, § 14, Ala. Const. 1901.”
Phenix City, 67 So.3d at 59-60. As an agency of the State, the Board is entitled, under Art. I, § 14, Ala. Const.1901, to absolute immunity from the negligence claim brought against it by Doe. Accordingly, the Board is due to be dismissed from the action.
The school is also due to be dismissed from the action because it is not a separate legal entity from the Board but operates under the direction of the Board. The legislature has vested city boards of education “with all the powers necessary or proper for the administration and management of the free public schools within such city....” § 16-11-9, Ala.Code 1975. The legislature has also provided that “[t]he general administration and supervision of the public schools and educational interest of each city [is] vested in a city board of education....” § 16-ll-2(b), Ala. Code 1975. Accordingly, the school is not a separate legal entity from the Board and is, therefore, also due to be dismissed from the action. See B.M. v. Crosby, 581 So.2d 842, 842 n. 1 (Ala.1991) (recognizing that a school and the board of education under which it operates are not separate legal entities); see also Alabama Girls’ Indus. Sch. v. Reynolds, 143 Ala. 579, 42 So. 114 (1904) (finding that a state-owned and - operated school was entitled to State immunity).
Doe argues that the State-agent-immunity rules set forth in Ex parte Cranman, 792 So.2d 392 (Ala.2000), and adopted by a majority of this Court in Ex parte Butts, 775 So.2d 173 (Ala.2000), should govern this case. However, State-agent immunity applies to a claim of immunity by an agent of the State; it does not apply to a claim of State immunity by an agency of the State itself. Because “[c]ity boards of education are local agencies of the State,” State-agent immunity is inapplicable here. Phenix City, 67 So.3d at 60 (citing Enterprise City Bd. of Educ. v. Miller, 348 So.2d 782, 783 (Ala.1977)).

Conclusion

The petitioners have demonstrated that they are entitled to absolute immunity from Doe’s action against them. Therefore, we grant the petition and issue a writ directing the circuit court to vacate its May 17, 2013, order denying the petitioners’ motion to dismiss and to enter an order dismissing the petitioners from the action.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J, and STUART, SHAW, and WISE, JJ., concur.

. Soles did not join the petitioners' motion to dismiss.