MAIN, Justice.
The Montgomery County Board of Education ("the Board") petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to dismiss a lawsuit filed against it on the basis of sovereign immunity. We grant the petition and issue the writ.
I. Facts and Procedural History
On January 7, 2018, John Doe, a minor, by and through his mother S.C., filed the underlying action in the Montgomery Circuit Court against the Board, seeking compensatory damages and punitive damages arising from an alleged assault on Doe by a school employee at the elementary school Doe attended, as a result of which Doe was injured. The complaint asserts a single count of negligence against the Board and other unidentified fictitiously named defendants. Specifically, Doe alleges that the Board breached its duty "to not place him in harm or specifically harm him" and that the Board failed to properly train and supervise the employee allegedly responsible for the assault.
On February 27, 2018, the Board moved to dismiss the action on the ground that the Board is a State agency entitled to State immunity under the provisions of Art. I, § 4, Ala. Const. 1901. The trial court denied the motion, and the Board filed this petition.
II. Standard of Review
" ' "It is well established that mandamus will lie to compel a dismissal of [a] claim that is barred by the doctrine of sovereign immunity." Ex parte Blankenship, 893 So.2d 303, 305 (Ala. 2004).
" ' "A writ of mandamus is a
" ' " 'drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' "
" ' Ex parte Wood, 852 So.2d 705, 708 (Ala. 2002) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993) ).
" '....
" ' " '[I]f an action is an action against the State within the meaning of § 14, such a case "presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent." ' Haley v. Barbour County, 885 So.2d 783, 788 (Ala. 2004) (quoting Patterson v. Gladwin Corp., 835 So.2d 137, 142-43 (Ala. 2002) ). 'Therefore, a court's failure to dismiss a case for lack of subject-matter jurisdiction based on sovereign immunity may *1173 properly be addressed by a petition for the writ of mandamus.' Ex parte Alabama Dep't of Mental Health & Retardation, 837 So.2d 808, 810-11 (Ala. 2002)."
" ' Ex parte Davis, 930 So.2d 497, 499-500 (Ala. 2005).' "
Ex parte Phenix City Bd. of Educ., 67 So.3d 56, 59 (Ala. 2011) (quoting Ex parte Lawley, 38 So.3d 41, 44-45 (Ala. 2009) ).
III. Analysis
The Board argues that it is entitled to have the underlying action against it dismissed because it is an agency of the State entitled to State immunity under Art. I, § 14 of the Alabama Constitution.[1] The Board is correct.
" ' "County boards of education are not agencies of the counties, but local agencies of the state, charged by the legislature with the task of supervising public education within the counties." ' Board of Sch. Comm'rs of Mobile County [v. Architects Group, Inc.], 752 So.2d [489,] 491 [ (Ala. 1999) ] (quoting Hutt [v. Etowah Cty. Bd. of Educ., 454 So.2d 973, 974 (Ala. 1984) ]. 'Under Ala. Const. of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state.' Ex parte Tuscaloosa County, 796 So.2d 1100, 1103 (Ala. 2000).
" 'For purposes of § 14 immunity, county boards of education are considered agencies of the State. Louviere v. Mobile County Bd. of Educ., 670 So.2d 873, 877 (Ala. 1995) ("County boards of education, as local agencies of the State, enjoy [ § 14 ] immunity."). Thus, this Court has held that county boards of education are immune from tort actions. See Brown v. Covington County Bd. of Educ., 524 So.2d 623, 625 (Ala. 1988) ; Hutt v. Etowah County Bd. of Educ., 454 So.2d 973, 974 (Ala. 1984).'
" Ex parte Jackson County Bd. of Educ., 4 So.3d 1099, 1102-03 (Ala. 2008)."
Ex parte Hale Cty. Bd. of Educ., 14 So.3d 844, 848 (Ala. 2009). See also Ex parte Jackson Cty. Bd. of Educ., 164 So.3d 532 (Ala. 2014) (holding that county board of education was entitled to sovereign immunity and, thus, that the trial court lacked subject-matter jurisdiction over the action); Ex parte Bessemer City Bd. of Educ., 143 So.3d 726 (Ala. 2013) (holding that a claim against a school board arising from an alleged assault on a student was due to be dismissed on State immunity grounds); Phenix City Bd. of Educ., 67 So.3d at 59-60 (holding that city boards of education, like county boards, are local agencies of the State and enjoy constitutional immunity from tort actions); Ex parte Monroe Cty. Bd. of Educ., 48 So.3d 621, 625 (Ala. 2010) (holding that county board of education "is a local agency of the State that has absolute immunity under Ala. Const. of 1901, § 14").
IV. Conclusion
Because the Board is an entity of the State, it enjoys immunity from Doe's action under § 14 of the Alabama Constitution. Accordingly, the Board has demonstrated a clear legal right to a writ of mandamus directing the trial court to dismiss the lawsuit against it.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Shaw, Wise, Bryan, Sellers, and Mendheim, JJ., concur.

The respondents have not made any answer to the Board's petition.